Tillman Clayton RUSSELL *v.* STATE of Arkansas

CR 88-15 751 S.W.2d 334

Supreme Court of Arkansas
Opinion delivered June 6, 1988

*Jack D. Files*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Tillman Russell was convicted of possession of marijuana with intent to deliver and sentenced to 25 years imprisonment. He is a habitual offender with eight prior felony convictions. His three arguments on appeal are meritless.

 He first argues that four packets of marijuana, a "roach," and a pipe, which were found in his vehicle, were illegally seized and should not have been admitted into evidence. He also argues that statements he later made should have been suppressed because they were a result of the illegal seizure. We cannot say the trial court clearly erred in allowing this evidence to be introduced. On appeal all evidence is viewed in a light most favorable to the appellee. *David v. State*, 295 Ark. 131, 748 S.W.2d 117 (1988).

Two officers in a state police vehicle passed Russell, who was proceeding in a vehicle in the opposite direction. They clocked Russell at 67 m.p.h. and turned around to stop him. (The speed limit at the time was 55 m.p.h.) When Russell pulled over, he immediately exited his vehicle and walked back to the police vehicle. One officer approached Russell's vehicle and saw a small pipe in the vehicle on the "hump" between the two front bucket seats. He also saw a "roach" lying on the console. The other officer was called to look in the vehicle. Based on experience, the officers considered it a pipe used to smoke marijuana. Upon opening the vehicle door, the officers found the packets of marijuana under a shoe box, which was turned upside down on the front floorboard.

Undoubtedly the pipe was in plain view and, considering the evidence most favorable to the state, so was the "roach." Therefore, the seizure was not in violation of the Fourth Amend-

ment. The officers testified that Russell was stopped for speeding and erratic driving. One officer testified that as they were pursuing Russell, the vehicle moved in an erratic manner and the driver moved around inside the vehicle, leaning over into the passenger side as if he were hiding something. The initial stop was legal; the officers had a right to look into the vehicle, and seeing contraband, had a right to see if other contraband were in the vehicle. *United States* v. *Ross*, 456 U.S. 798 (1982). In *Cook* v. *State*, 293 Ark. 103, 732 S.W.2d 462 (1987), we upheld a seizure under strikingly similar circumstances.

Russell's second argument is that the trial judge should have recused because he was a deputy prosecuting attorney at the time of one of Russell's prior convictions; also he had refused to file charges against an individual on Russell's request. We are asked by the appellant to overrule our decision in *Jordon* v. *State*, 274 Ark. 572, 626 S.W.2d 977 (1982). The trial judge in *Jordon* was the prosecutor, not merely a deputy, and we still held it was not necessary for him to recuse. The appellant has demonstrated no basis for requiring this judge to recuse.

Finally, Russell argues he was improperly sentenced. He argues that since he was convicted under the controlled substances act, he should be sentenced under its enhancement provision, Ark. Stat. Ann. § 82-2624 (Repl. 1976) [Ark. Code Ann. § 5-64-408 (1987)], which provides:

> (a) any person convicted of a second or subsequent offense under this chapter shall be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

Russell was sentenced under Ark. Stat. Ann. § 41-1001 (Repl. 1977) [Ark. Code Ann. § 5-4-501 (1987)], the general statutory provision for sentencing habitual criminals.

It is undisputed that Russell had eight prior felony convictions, four of which were for delivery of controlled substances; however, four of the convictions were for other felonies: a burglary and theft, theft by receiving, and two separate convictions for failure to appear.

We reject Russell's argument that Ark. Stat. Ann. § 82-2624 mandates that he be sentenced under that statute. First,

§ 82-2624, which was enacted after § 41-1001, does not preclude sentencing a habitual criminal under § 41-1001. Second, when two punishment statutes exist, a court is not prevented from using the more stringent provision. *Rowe* v. *Lockhart*, 736 F.2d 459 (8th Cir. 1984). More importantly, four prior felonies in this case were not drug related. Surely the legislature did not intend to prevent a habitual offender from being sentenced under the habitual criminal statute simply because he is being convicted under the controlled substances act and has a prior conviction under the act. Even penal statutes should not be interpreted so strictly as to reach absurd consequences which are clearly contrary to legislative intent. *Williams* v. *State*, 292 Ark. 616, 732 S.W.2d 135 (1987).

Russell is a habitual criminal under § 41-1001, and we determine that in this case it was not error to sentence him under this act.

Affirmed.