Bienuenido CRESPO *v.* STATE of Arkansas

CA CR 89-71                                         780 S.W.2d 592

Court of Appeals of Arkansas
Division I
Opinion delivered December 13, 1989

*David L. Dunagin*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Appellant, Bienuenido Crespo, was charged in Sebastian County Circuit Court with burglary and aggravated robbery. The jury found Crespo guilty of both offenses, and also made a specific finding that he had been armed with a deadly weapon. In accordance with the jury verdicts, Crespo was sentenced to five years imprisonment for the burglary and twelve years for the aggravated robbery. In addition, the court applied the sentencing provision of Ark. Code Ann. § 16-90-121 (1987), which imposes a minimum of ten years to be served without parole when a person is found guilty of a felony involving the use of a deadly weapon. On appeal, Crespo contends that the trial court erred in instructing the jury on the use of a deadly weapon. We disagree and affirm.

AMCI 6001 is the jury instruction regarding use of a deadly weapon, and it is based on Ark. Code Ann. § 16-90-121. That section provides:

Any person who is found guilty of or pleads guilty to a

felony involving the use of a deadly weapon, whether or not an element of the crime, shall be sentenced to serve a minimum of ten (10) years in the state prison without parole but subject to reduction by meritorious good-time credit.

Appellant argues that this section covers an action that was already an element of aggravated robbery as defined in Ark. Code Ann. § 5-12-103(a)(1). Appellant seems to argue that aggravated robbery is already an "enhancement provision" applied to robbery and imposed for the use of a deadly weapon, so that to apply further "enhancement" under § 16-90-121 for the same use of the same deadly weapon impermissibly subjects appellant to "double jeopardy." For support, appellant relies primarily on *Busic* v. *United States*, 446 U.S. 398, 100 S.Ct. 1747 (1980).

*Busic* dealt with the application of federal enhancement statutes, and turned upon the failure of Congress to make clear its intent regarding the application of 18 U.S.C. § 924(c) to analogous enhancement provisions in pre-existing statutes defining federal crimes. Unlike the intent of Congress in enacting 18 U.S.C. § 924(c) as found in *Busic*, the intent of the Arkansas State Legislature in passing § 16-90-121 is clear. That section plainly states that it is to apply to one found guilty of a felony involving use of a deadly weapon *whether or not* such use is an element of the crime. The section thus applies to aggravated robbery, and provides that the sentence will be a minimum of ten years served without parole. Here, appellant was sentenced to twelve years on the aggravated robbery charge and an additional five years on the burglary charge. The application of § 16-90-121 does not impose an additional sentence, but merely precludes the possibility of Crespo being eligible for parole before serving ten years, subject to reduction for meritorious good time.

In *Missouri* v. *Hunter*, 459 U.S. 359, 103 S.Ct. 673 (1983), the Supreme Court addressed a situation similar to that presented here. The Court examined a Missouri statute which imposed an additional three year term of imprisonment for the commission of a felony with a deadly weapon. In rejecting the Missouri Supreme Court's finding that such a provision violated the Double Jeopardy Clause, the Court stated:

This view manifests a misreading of our cases on the

meaning of the Double Jeopardy Clause of the Fifth Amendment; we need hardly go so far as suggested to decide that a legislature constitutionally can prescribe cumulative punishments for violation of its first-degree robbery statute and its armed criminal action statute.

\* \* \*

With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

\* \* \*

Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court may impose cumulative punishment under such statutes in a single trial.

It is clear that the application of Ark. Code Ann. § 16-90-121 to one convicted of aggravated robbery does not constitute double jeopardy. The trial court did not err in giving AMCI 6001 to the jury.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.