Mary JERNIGAN *v.* STATE of Arkansas

CA CR 91-200                                    828 S.W.2d 864

Court of Appeals of Arkansas
Division I
Opinion delivered May 6, 1992

*Paul E. Herrod*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Mary Jernigan was charged on January 5, 1988, with battery in the first degree. The information was later amended to charge battery in the first degree by means of a deadly weapon. On January 10, 1989, the jury found Jernigan guilty of battery in the second degree and the court sentenced her to ten years imprisonment with six years suspended. On May 16, 1990, in an opinion not designated for publication, this court reversed for reasons not pertinent here.

Jernigan was retried and on February 4, 1991, was again found guilty by a jury of battery in the second degree. This time the circuit court sentenced her to ten years imprisonment with seven years suspended. We find that the trial court erred in excluding certain proffered evidence and must again reverse and remand for new trial.

At trial, James Wright, an electrician from Arkoma, Oklahoma, testified that during 1988 he began having an extramarital affair with the defendant. He then moved into her home in Fort Smith. Wright testified that on August 22, 1988, both he and Ms. Jernigan had been drinking beer. Wright testified that during an argument the defendant shot him five times with a pistol.

Wright had previously filed a civil complaint for damages against Jernigan, alleging that the shooting was accidental rather than intentional. In a hearing before the trial in the case at bar the circuit court ruled that the defendant could not use the prior civil complaint to impeach Wright. The court's ruling was based on *Razorback Cab of Fort Smith, Inc.* v. *Lingo*, 304 Ark. 323, 802 S.W.2d 444 (1991). It is true that the supreme court reversed the trial judge's ruling admitting a complaint into evidence in *Lingo*, stating, "Complaints, normally phrased in the most partisan language, are in no conceivable sense evidentiary. . . . While the cases bespeak no hard and fast rule, pleadings, and especially complaints, are generally treated as inadmissible." 304 Ark. at 325, 802 S.W.2d at 445.

The distinction between that case and this one is that in *Lingo* the plaintiff himself sought to introduce his own complaint as substantive evidence. In the case at bar, the defendant sought to impeach the prosecuting witness with the latter's complaint filed in a civil action. Under these circumstances the complaint qualifies as a prior inconsistent statement under Ark. R. Evid. 613. *See McDaniel* v. *State*, 291 Ark. 596, 726 S.W.2d 679 (1987). The defendant should have been permitted to pursue this line of inquiry.

Jernigan also argues that the sentence she received was "illegal". An illegal sentence is one which is illegal on its face. *Finn* v. *State*, 36 Ark. App. 89, 819 S.W.2d 25 (1991). Battery in the second degree is a class D felony. Ark. Code Ann. § 5-13-202

(1987). The maximum punishment for a class D felony is six years. Ark. Code Ann. § 5-4-401(a)(5) (1987). However, Ark. Code Ann. § 16-90-121 (1987) provides:

> Any person who is found guilty of or pleads guilty to a felony involving the use of a deadly weapon, whether or not an element of the crime, shall be sentenced to serve a minimum of ten (10) years in the state prison without parole but subject to reduction by meritorious good-time credit.

Appellant's argument is based on a statement contained in *Crespo* v. *State*, 30 Ark. App. 12, 780 S.W.2d 592 (1989): "The application of § 16-90-121 does not impose an additional sentence, but merely precludes the possibility of Crespo being eligible for parole before serving ten years, subject to reduction for meritorious good-time." That statement was true in *Crespo* because the defendant had been sentenced to twelve years for aggravated robbery apart from the application of § 16-90-121. However, in *Crespo* we also quoted from *Missouri* v. *Hunter*, 459 U.S. 359 (1983):

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court may impose cumulative punishment under such statutes in a single trial.

Furthermore, the Arkansas Supreme Court has held that when two punishment statutes exist, a court is not prevented from using the more stringent provision. *Russell* v. *State*, 295 Ark. 619, 751 S.W.2d 334 (1988). We hold that the sentence was not illegal.

Reversed and Remanded.

COOPER and ROGERS, JJ., agree.