Mr. Leroy Brownlee, Chairman Post Prison Transfer Board Post Office Box 34085 Little Rock, Arkansas 72203
Dear Mr. Brownlee:
This is in response to your request for an opinion regarding the authority of the Post Prison Transfer Board with respect to individuals who have committed a felony while on parole or while assigned to the Department of Community Punishment. Specifically, you ask whether the Post Prison Transfer Board must transfer the offender to a community punishment program upon his transfer date pursuant to the more recent felony, or may the Post Prison Transfer Board exercise discretion by denying transfer or parole. In your letter, you provide the following examples:
 1. An inmate is received into the Department of Correction on a 20 year sentence in 1990 for Aggravated Robbery (Class "Y" felony). Act 825 is the sentencing act. The inmate is eligible for parole in 1995 and has a discharge date in the year 2000. The inmate is released on parole in 1996. Two months later the parolee is arrested for Possession of a Firearm (Class "D" felony), sentenced to a new term of five years, and returned to the Department of Correction. The inmate has a TE date in 1997 and a discharge date in 2001. Act 534 is the sentencing act.
 2. An inmate is received into the Department of Correction in 1994 on a five year sentence for Sexual Abuse, second degree (Class "D" felony). Act 534 is the sentencing act. The inmate is released on his TE date in early 1996 and has a discharge date in 1999. He is arrested several months later for Residential Burglary (Class" B" felony) and sentenced to a new five year term in the Department of Correction. Act 534 is again the sentencing act. He has a new TE date in 1998 and a discharge date in 2001.
It is my understanding from your letter that in both situations the prior sentence is still active when the person is returned for a parole or transfer violation, and the prior sentence will not expire until several years after the inmate becomes eligible for transfer on the new sentence. It is my opinion that in the situations presented in your examples it is not mandatory that the inmates be transferred on the transfer eligibility date for the more recent sentence.
In 1993, the General Assembly enacted a comprehensive scheme regarding community punishment programs. See generally Acts 530, 531, 534, 547, 548, 549, and 555 of 1993 (now codified as A.C.A. §§ 16-93-201—208 (Supp. 1995); §§ 16-93-1201—1210 (Supp. 1995); §§ 16-93-1301—1304 (Supp. 1995); §§12-27-124—127 (Repl. 1995)). The Community Punishment scheme was designed, in part, to relieve the public of the burden of incarcerating offenders who would ordinarily be imprisoned but who can be effectively punished without the cost of traditional incarceration. A.C.A. §§16-93-1201—1204 (Supp. 1995); Op. Att'y Gen. No. 95-040. Pursuant to this legislation, persons convicted of certain crimes may be eligible for transfer from the Department of Correction to the Department of Community Punishment.
The criteria for transfer to the community punishment program are set out in A.C.A. §§ 16-93-1301—1304 (Supp. 1995). Section 16-93-1301 provides in part:
 (c) Persons who commit felonies on or after January 1, 1994, and who shall be convicted and incarcerated for those felonies, shall be eligible for transfer to community punishment as follows: . . .
 (3)(A) All other classified or unclassified felons who are incarcerated therefor shall be eligible for transfer to community punishment after having served one-third (1/3) or one-half (1/2), with credit for meritorious good time, of their sentences depending on the seriousness determination made by the Arkansas Sentencing Commission, or one-half (1/2), with credit for meritorious good time, of the time to which their sentences are commuted by executive clemency.[1]
In accordance, A.C.A. § 16-93-1208(a)(1)(A) provides:
 Upon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Correction and Community Punishment and conditions set by the Post Prison Transfer Board.
(Emphasis supplied.)[2]
Before addressing your examples, it should be noted that the Post Prison Transfer Board may establish conditions under which the transfer shall occur. A.C.A. § 16-93-206(b)(1)(B). It is, however, my understanding from your letter that the conditions for transfer have been satisfied.[3] It should also be noted that the Post Prison Transfer Board may even deny transfer based on a set of established criteria. A.C.A. §16-93-206(b)(2)(B)(ii). Section 16-93-206(b)(2)(B)(ii)(a) provides that the Post Prison Transfer Board may "deny transfer based on a set of established criteria and to accompany such denial with a course of action to be undertaken by the inmate to rectify the Post Prison Transfer Board's concerns." It is also my understanding that the inmates in your examples have satisfied the criteria for transfer with regard to the more recent of their felony convictions.
In short, if it were not for the existence of their first conviction and subsequent parole/transfer violation, the inmates would in fact be transferred to the Department of Community Punishment pursuant to their more recent felony conviction. It is my understanding that the Post Prison Transfer Board is concerned with whether it must transfer the inmate or whether it has authority to deny transfer pursuant to the original sentence.
With regard to your first example, A.C.A. § 16-93-1301(b)(1) (Supp. 1995) provides:
 Persons who committed felonies prior to January 1, 1994, and who were convicted and incarcerated for those felonies, shall be eligible for release on parole in accordance with the parole eligibility law in effect at the time the crime was committed.
Thus, the General Assembly has specifically provided that the eligibility for parole of a person who has been convicted and incarcerated for a felony committed prior to January 1, 1994, is governed by the parole eligibility law in effect at the time the crime was committed. It is my understanding from your example that Act 825 of 1983 was in effect at the time the first crime was committed. Act 825 is codified in part as A.C.A. 16-93-607(e)(1) (1987) which provides:
 When any convicted felon, while on parole, is convicted of another felony, the felon shall be committed to the Department of Correction to serve the remainder of his original sentence, including any portion suspended, with credit for good-time allowances. Upon conviction for the subsequent felony, the court shall require the sentence for the subsequent felony to be served consecutively with the sentence for the previous felony.
In accordance, the parolee in your first example was again committed to the Department of Correction when he was convicted of another felony.
It is my opinion that the inmate's eligibility to again be released onparole for the original crime is still governed by the law in effect at the time the crime was committed. A.C.A. § 16-93-1301(b)(1). Further, if the inmate is determined to be eligible for parole pursuant to that law, the Post Prison Transfer Board retains the power to determine what persons shall be placed on parole. Arkansas Code Annotated § 16-93-206
(Supp. 1995) provides in part:
 (a)(1) For those persons eligible for parole, the Post Prison Transfer Board shall retain the power to determine what persons shall be placed on parole and to fix the time and conditions of the parole. . . .
 (4) The Post Prison Transfer Board retains the right to formulate all policies, rules, and regulations regarding parole, including amendments to those previously formulated by the State Board of Parole and Community Rehabilitation.
Thus, the Post Prison Transfer Board is granted the exclusive power to determine who shall be placed on parole and to fix the time of the parole. A.C.A. § 16-93-206(a)(1).[4]
At first glance, it may appear that the Post Prison Transfer Board's authority with regard to the parolee in your example conflicts with the provisions of the community punishment scheme regarding the more recent sentence. However, the Arkansas Supreme Court has stated that a court must construe all statutes relating to the same subject matter together, and the court is obliged to harmonize statutes so as to give effect to both if it is possible to do so. Waire v. Joseph, 308 Ark. 528,825 S.W.2d 594 (1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988). It is, therefore, my opinion that even though the person in your example has also committed a felony after January 1, 1994, and would otherwise be eligible for transfer to a community punishment program, he must still satisfy the requirements for parole on his original sentence. The conclusion that the inmate must satisfy the requirements regarding both sentences gives effect to all the relevant provisions of the community punishment scheme.
In essence, the Post Prison Transfer Board is not required to ignore the inmates 1990 conviction simply because he has committed a subsequent felony since January 1, 1994. To conclude otherwise would reach the absurd result that a person who commits a felony while on parole may only be punished for committing the subsequent felony. Even penal statutes should not be interpreted so strictly as to reach absurd consequences which are clearly contrary to legislative intent. Russell v. State,295 Ark. 619, 751 S.W.2d 334 (1988).
In your second example, it is my understanding that both felonies were committed after January 1, 1994, and the inmate committed the second felony while assigned to the Department of Community Punishment. In Att'y Gen. Op. No. 93-379, this office opined that an individual who is returned to the Department of Correction for a violation of the terms of his transfer may be re-transferred to community punishment at the Post Prison Transfer Board's discretion. In reaching that opinion, this office relied upon A.C.A. § 16-93-1304 which, at that time, provided:
 In the event a person transferred under the provisions of this subchapter violates the terms or conditions of his transfer, revocation procedures shall follow all legal requirements applicable to parole in § 16-93-705 and § 16-93-706 and shall be subject to any additional policies, rules, and regulations set by the Post Prison Transfer Board.
We concluded that the actual issue of when an inmate may be transferred a second time, following the revocation of his initial transfer thereto, was not specifically addressed in the new code provisions. Consequently, pending statutory clarification of the issue, this office opined that "an inmate's transfer to community punishment following revocation should be at the discretion of the Post Prison Transfer Board, which exercises extensive authority with respect to all transfers." We also noted that such discretion must be exercised in accordance with the policies, rules, and regulations established by the Board.
Act 1170 of 1995 amended § 16-93-1304 to provide:
 (a) In the event a person transferred under the provisions of this subchapter violates the terms or conditions of his transfer, a hearing shall follow all applicable legal requirements and shall be subject to any additional policies, rules, and regulations set by the Post Prison Transfer Board.
 (b)(1) In the event a person transferred under the provisions of this subchapter is found to be or becomes ineligible for transfer into a Department of Community Punishment facility, he shall be transported to the Department of Correction to serve the remainder of his sentence.
 (2) Notice of the ineligibility and the reasons therefor shall be provided to the offender, and a hearing may be requested before the Post Prison Transfer Board if the offender contests the factual basis of the ineligibility; otherwise, the Post Prison Transfer Board may administratively approve the transfer to the Department of Correction.
 (c) An offender who is judicially transferred to a Department of Community Punishment facility and subsequently transferred back to the Department of Correction by the Post Prison Transfer Board for disciplinary or administrative reasons may become eligible for any further transfer under § 16-93-1301 (c)(2)(E) and (F).
(Emphasis supplied.) Initially, it is my opinion that A.C.A. §16-93-1304(c) is not applicable to your example because paragraph (c) is applicable only to an offender who is judicially transferred. It is my understanding from your letter that the offender in your example was not judicially transferred.[5]
It is, however, my opinion that A.C.A. § 16-93-1304(b) is in all likelihood applicable to your example. The provision refers to a person transferred under the provisions of the subchapter who becomes ineligible for a community punishment facility. Further, Act 1170 of 1995 also amended A.C.A. § 12-27-127(b)(3)(A) to provide as follows:
 An inmate may be administratively transferred back to the Department of Correction from the Department of Community Punishment by the Post Prison Transfer Board following a hearing in which the inmate is found ineligible for placement in a Department of Community Punishment facility as he fails to meet the criteria and/or standards established by law or policy adopted by the Board of Correction and Community Punishment or has been found guilty of a violation of the rules and regulations of the facility.[6]
(Emphasis supplied.) Consequently, it appears that a violation of the rules and regulations of a community punishment facility could make an inmate ineligible for placement in a Department of Community Punishment facility. Although I can find no statute that specifically provides that a person is ineligible for placement in a community punishment facility where he violates the terms of a transfer by committing a felony, common sense dictates that the commission of a felony should not be entitled to greater leniency than a violation of the rules and regulations of a community punishment facility. Statutory construction requires a common-sense approach. Rosario v. State, 319 Ark. 764, 894 S.W.2d 888
(1995). Consequently, it is my opinion that the intent of the General Assembly is that a person who violates the terms of a transfer (other than a judicial transfer) shall be transported to the Department of Correction to serve the remainder of his sentence.
Further, it is my opinion that even though the person in your example committed a second felony and would otherwise be eligible for transfer to a community punishment facility, he must still satisfy the transfer requirements on his original sentence. In essence, the Post Prison Transfer Board is not required to ignore his original conviction and transfer violation simply because he has committed a subsequent felony. To conclude otherwise would reach the absurd result that a person who commits a felony while on parole is entitled to greater leniency than if he had only violated a facility rule. Even penal statutes should not be interpreted so strictly as to reach absurd consequences which are clearly contrary to legislative intent. Russell v. State, 295 Ark. 619,751 S.W.2d 334 (1988).
In short, it is my opinion that the General Assembly did not intend for an inmate who commits a felony while on parole or transfer to a community punishment program to be entitled to greater leniency than if he had only violated the terms of his parole/transfer without being convicted of a felony. Consequently, even though an offender has a transfer eligibility date based upon his sentence for a felony committed while he was on parole/transfer, he is not eligible for transfer until the requirements for parole/transfer on his original sentence are satisfied.[7] To construe the statutes otherwise would be to reach the absurd conclusion that an inmate could benefit by committing a felony while on parole or transfer to a community punishment facility rather than take the risk of simply violating the terms of his parole or a rule of the facility. SeeRussell v. State, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I assume that, with the exception of the felony committed in 1990, all the felonies referred to in your example would be governed by A.C.A. § 16-93-1301(c)(3)(A).
[2] Similarly, A.C.A. § 16-93-206(b)(1)(A)(i) (Supp. 1995) provides in part:
 For persons who commit felonies, except those enumerated in subdivision (c)(1) of this section, on or after January 1, 1994, under the provisions of a transfer date, the Department of Correction will
transfer inmates to the Department of Community Punishment subject to rules and regulations promulgated by the Board of Correction and Community Punishment and conditions set by the Post Prison Transfer Board. (Emphasis supplied.)
[3] Arkansas Code Annotated § 16-93-206(b)(1)(B) provides that "the conditions under which transfer shall occur include, but are not limited to: (i) Level of supervision; (ii) Economic fee sanction; (iii) Treatment program; and (iv) Other conditions relevant to the individual under review."
[4] In order to definitively determine the authority of the Post Prison Transfer Board, the policies, rules, and regulations regarding parole should be consulted. A.C.A. § 16-93-206(a)(4).
[5] Arkansas Code Annotated § 16-93-1301(c)(2)(A)(i) provides that offenders convicted of certain target offenses may be "committed to the Department of Correction and judicially transferred to the Department of Community Punishment by specific provision in the commitment that the trial court orders such a transfer." Section 16-93-1301(c)(2)(E) provides that such an offender who is transferred back to the Department of Correction for disciplinary reasons may be considered for transfer to Department of Community Punishment supervision after earning good-time credit equal to one-half of the remainder of his sentence. Section16-93-1301(c)(2)(F) provides that that such an offender who is transferred back to the Department of Correction for administrative reasons may be considered for transfer to Department of Community Punishment supervision after earning good-time credit equal to one-half of his sentence.
[6] Although section 12-27-127 is entitled "Judicial transfer to the Department of Community Punishment," provision (b)(3) contains general provisions regarding transfer.
[7] It should, however, be noted that once the inmate has served his original sentence, and he is only incarcerated pursuant to the single felony committed after January 1, 1994, the provisions of the Community Punishment scheme with regard to that sentence should be followed.