John SLAUGHTER *v.* STATE of Arkansas

CA CR 99-655                                     12 S.W.3d 240

Court of Appeals of Arkansas
Division II
Opinion delivered January 26, 2000

*John W. Cone*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. In October 1998, appellant, John Slaughter, was tried by a jury and found guilty of the offense of domestic battery in the second degree, which at that time was a class D felony. During the sentencing phase of the trial, the jury returned a verdict that the trial court found unacceptable. Consequently, the trial court imposed its own sentence, which was four years in the Arkansas Department of Correction. We find that the trial court erred in doing so.

The verdict form that was originally submitted to the jury provided:

AMCI 2d 9305 — VF
STAGE TWO: STANDARD VERDICT FORM —
CLASS D FELONY

WE, THE JURY, HAVING FOUND JOHN WAYNE SLAUGHTER GUILTY OF DOMESTIC BATTERY IN THE SECOND DEGREE, FIX HIS SENTENCE AT:

(A) A TERM OF _____ (NOT MORE THAN 6 YEARS) IN THE ARKANSAS DEPARTMENT OF CORRECTION; OR

(B) A FINE OF _____ (NOT EXCEEDING $10,000) DOLLARS; OR

(C) BOTH A TERM OF _____ (NOT MORE THAN 6 YEARS) IN THE ARKANSAS DEPARTMENT OF CORRECTION AND A FINE OF _____ (NOT EXCEEDING $10,000) DOLLARS.

_____

FOREPERSON

WE, THE JURY, FIND JOHN WAYNE SLAUGHTER NOT GUILTY.

_____

FOREPERSON

Following its deliberation, the jury returned the verdict form with a zero, "0," in three of the blanks for the sections marked (A), (B), and (C). The trial court returned the verdict form to the jury, explaining in part:

> [Y]ou would only write in whatever blank that you are taking activity. You can give the defendant time in the Arkansas Department of Correction, anything from *zero to six years; of course, zero, you are not doing anything. You don't have to give him any time in the Department of Correction.*
>
> Or you can give him a fine. A fine can be from whatever amount you want to, and cannot exceed $10,000.
>
> Or you can give him prison and a fine.
>
> But you would only fill out A or B or C. You won't fill out A, B, and C.
>
> All right?
>
> But, now, one of those, you need to do something that the law says for you to do. If you want zero, that means you leave it blank.
>
> All right?
>
> For instance, if you are going to give the person no jail time in A, then you just leave it blank. You don't put the zero there.
>
> If you are going to give him a fine, then you will put — write in the amount of money the fine is going to be.
>
> Or if you are going to give him jail time and a fine, you would do C, where you've got those two blanks, to that. And only the blank that you are enforcing should be the one that is filled in, which will be A or B or C.

(Emphasis added.)

When the jury returned from its second deliberation, the original zeroes had been marked out, and the foreperson's initials were placed nearby. In addition, in the blank space under section (A), which addressed the possibility of a prison term, another zero, "0," had been inserted. In part, the colloquy between the trial court and the jury with respect to the revised verdict form was as follows:

> THE COURT: The Court has been tendered a form that has not been filled out. The primary form has not been filled out. There is no sentence on the form.
>
> Does the jury misunderstand the instructions, or ... the jury ...
>
> [*No response.*]
>
> THE COURT: Is this the jury's pleasure? Just what ...
>
> [*No response.*]
>
> THE COURT: I don't know. There is no sentence on this form that the Court can pronounce whatsoever, and you must fill in the form. One of the blanks has got to be filled in.
>
> JUROR: There is one that's filled in.
>
> THE COURT: No. None of them that are filled out.
>
> JURY FOREPERSON: Yes, they are.
>
> THE COURT: Well, I don't see it. This is vanishing ink.
>
> [*No response.*]
>
> THE COURT: All right. This is the pleasure of the jury? Is this the jury's decision?
>
> JURY FOREPERSON: No. Yes.
>
> THE COURT: This is the best the jury can do. Is that what the jury wants to do? That's all I need to know.
>
> JURY FOREPERSON: We have an alternative plan on there.
>
> THE COURT: Didn't ask you about any alternative. Asked you about a primary. And we need a primary form. And if this is what the jury wants to do ... is that what you want to do?

JURY FOREPERSON: Yes, sir.

THE COURT: Very well. The Court then would find that the jury cannot sentence this defendant, and the Court will sentence the defendant.

The trial court then proceeded to sentence appellant to serve four years in the Arkansas Department of Correction.

Appellant raises the following two points of appeal: 1) the trial court erred in the trial proceeding when it took the case away from the jury and sentenced the defendant itself; and 2) the court erred when it found it was unable to consider the alternative sentence proposed by the jury. We agree.

The parties have not provided us with citation to any authority that is squarely on point with the facts of this case and the issue of whether a jury, after finding a defendant guilty of a felony, may impose a "sentence" of "zero" jail time. Nor has our research yielded any such authority. The circumstances of this case are unusual enough that it is doubtful they would arise very often. Our review of the pertinent statutory provisions, however, convinces us that the manner in which the jury completed the verdict form the second time was proper and that the trial court erred in taking the case from the jury and imposing its own sentence. We think it is abundantly clear that the jury, despite finding appellant guilty, did not want him to serve a term of imprisonment or to pay a fine.

Arkansas Code Annotated section 16-97-101 outlines generally the bifurcated sentencing procedures in felony cases. It provides in pertinent part:

> The following procedure shall govern jury trials which include any felony charges:
>
> . . . .
>
> (3) Following the introduction of additional evidence relevant to sentencing, if any, instruction on the law, and argument, the jury shall again retire and *determine a sentence within the statutory range.*

(Emphasis added.) Arkansas Code Annotated section 5-4-103 (Repl. 1997), provides further:

.

(a) If a defendant is charged with a felony and is found guilty of an offense by a jury, the jury shall fix punishment in a separate proceeding as authorized by this chapter.

(b) Except as provided by [designated statutes involving capital murder], the court shall fix punishment as authorized by this chapter in any case where:

(1) The defendant pleads guilty to an offense; or

(2) The defendant's guilt is tried by the court; or

(3) The jury fails to agree on punishment; or

(4) The prosecution and the defense agree that the court may fix punishment; or

(5) A jury sentence is found by the trial court or an appellate court to be in excess of the punishment authorized by law.

Moreover, Arkansas Code Annotated section 16-90-107(a) (1987) also designates instances in which the trial court is to take the sentencing function away from the jury, providing in pertinent part:

(a) When a jury finds a verdict of guilty and fails to agree on the punishment to be inflicted, *or does not declare the punishment in its verdict, or if it assesses a punishment not authorized by law,* and in all cases of a judgment on confession, the court shall assess and declare the punishment and render judgment accordingly.

(Emphasis added.)

None of the designated instances in which the trial court is to impose the sentence fits squarely within the facts of this case. Four of the five exceptions listed in section 5-4-103(b) clearly do not apply. Appellant did not plead guilty, his guilt was not tried by the court, the prosecution and defense did not agree for the court to fix punishment, and the jury's sentence did not exceed that authorized by law. Moreover, it is clear from the verdict form and the colloquy between the court and the jury that the jury was in agreement on the verdict form; the problem arises because the "punishment" they agreed upon was that appellant should receive "zero" punishment. The first exception listed in section 16-90-107(a), failure to agree on punishment, is covered by section 5-4-103(b)(3) and was just discussed. The remaining two exceptions are instances where the

jury "does not declare the punishment in its verdict," or "assesses a punishment not authorized by law."

In short, the issue thus presented is whether the "zero" punishment imposed by the jury is authorized under our sentencing statutes. As mentioned previously, neither of the parties have provided us with authority on this issue under the circumstances presented by this case, and we have found none. We are not unmindful of the case of *Higgins v. Higgins*, 326 Ark. 1030, 936 S.W.2d 740 (1996). Under the circumstances of that case, the supreme court held that a sentence of zero years' imprisonment and zero fine was not a legal sentence, and we agree because the offense charged was a Class B felony, having a sentencing range for imprisonment of not less than five nor more than twenty years. We find that *Higgins* is distinguishable from the instant case, which involves a Class D felony. Neither have the parties engaged in statutory construction of our sentencing statutes in an effort to clarify this precise issue. Our continued review of the statutes reveals that Arkansas Code Annotated section 5-4-401 (a)(5) (Repl. 1997), provides in pertinent part:

> (a) A defendant convicted of a felony *shall receive a determinate sentence* according to the following limitations:
>
> . . . .
>
> (5) for a Class D felony, the sentence *shall not exceed six (6) years[.]*

(Emphasis added.)

The *American Heritage Dictionary of the English Language* defines "determinate" as "1. Precisely limited or defined. 2. Settled; final. 3. Firm in purpose; resolute." *Black's Law Dictionary* (5th ed), defines "sentence" as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted." Moreover, *Black's* defines "punishment" as "[a]ny fine, penalty, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law. A deprivation of property or some right. But does not include a civil penalty

redounding to the benefit of an individual, such as a forfeiture of interest." Finally, while the statute clearly defines the top limit for imprisonment on a Class D felony, six years, it does not set forth the lower limit.

▉ In addition, Arkansas Code Annotated section 16-90-107 (1987), makes it clear that whether a sentence is imposed by the court or by the jury, it must fall within the range established by law. It cannot be less than the minimum nor greater than the maximum time provided by law:

> (b) (1) Juries and courts shall have the power to assess the punishment of one convicted of a felony at a general sentence to the penitentiary. *The sentence shall not be less than the minimum nor greater than the maximum time provided by law.*
>
> . . . .
>
> (d) *If the jury in any case assesses a punishment, whether of fine or imprisonment, below the limit prescribed by law for offenses of which the defendant is convicted, the court shall render judgment and pronounce sentence according to the lowest limit prescribed by law in such cases.*
>
> (e) The court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if, in the opinion of the court, the conviction is proper and the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted, *so that the punishment is not, in any case, reduced below the limit prescribed by law in such cases.*

(Emphasis added.)

▉ Again, the issue seems to boil down to whether "zero" is the lower limit of the sentencing range for a Class D felony. We find that it is. Otherwise, as argued by the appellant, if zero is not the minimum limit, what is? Would it be one day, one hour, one minute, one second? Class D felonies are the only classified felonies that do not have a specified lower limit for sentencing. For example, the sentence for a Class C felony "shall be *not less than three (3) years* nor more than ten (10) years." Ark. Code Ann. § 5-4-401(a)(4) (Repl. 1997) (emphasis added). On appellate review, we strictly construe criminal statutes, resolving any doubts in favor of the defendant. *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993). Accordingly, we find that the verdict form submitted by the jury the second time was proper, and that the trial court erred in taking the case from the jury.

For his second point of appeal, appellant contends that the trial court erred when it found that it was unable to consider the alternative sentence proposed by the jury. We agree. The jury was instructed during the sentencing phase of the trial that it could recommend an alternative sentence. In addition to the primary verdict form discussed previously under appellant's first point of appeal, the jury recommended an alternative sentence of "[a] term of eighteen months supervision by the Adult Probation Department of Jefferson County, Arkansas."

■ As discussed with respect to the first point of appeal, the trial court considered the primary verdict form to be invalid, and concluded therefore that it was without authority to consider the alternate sentence proposed by the jury. Having concluded, as we have, that the primary verdict form was not invalid, the trial court was certainly authorized, although not obligated, to consider the recommended alternative sentence pursuant to Arkansas Code Annotated section 16-97-101(4), which provides:

> (4) The court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, may make a recommendation as to an alternative sentence. *However, this recommendation shall not be binding on the court.*

(Emphasis added.)

■ In light of the trial court's imposition of a four-year term of imprisonment, we think it is clear that the court would have opted to impose the jury's recommended alternative sentence of eighteen months' probation, rather than the "zero" punishment submitted by the jury in the primary verdict form. Consequently, rather than remanding this case for sentencing, we elect to sentence appellant to the eighteen months' probation recommended by the jury as an alternative sentence. We therefore reverse and remand this case to the trial court for entry of a judgment and commitment order that is consistent with this opinion.

Reversed and remanded.

HART and GRIFFEN, JJ., agree.