Elizabeth Diane HAGAR *v.* STATE of Arkansas

CR 99-1349     19 S.W.3d 16

Supreme Court of Arkansas
Opinion delivered June 15, 2000

*Harold S. Erwin*, Judge;

*Paul N. Ford*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. At issue in this case is whether the trial court lawfully imposed a ten-year prison sentence for the crime of manslaughter. Appellant, Elizabeth Diane Hagar, was charged with first degree murder following the death of her husband, Mark Allen Hagar. Although Mrs. Hagar confessed to shooting her husband two times with a .38 caliber handgun, she claimed that she acted in self-defense after her husband came home in a drunken state and terrorized her with a gun. Following a jury trial, Mrs. Hagar was convicted of manslaughter and sentenced to a term of ten years in the Arkansas Department of Correction and a fine of $5,000. The disputed facts leading up to the shooting are not relevant because this appeal does not involve a challenge to the

sufficiency of the evidence. In her only point for reversal, Mrs. Hagar contends that the trial court erred when it imposed a ten-year prison sentence pursuant to Ark. Code Ann. § 16-90-121 (1987). We disagree and affirm the trial court.

At the conclusion of the first stage of a bifurcated trial in this case, the jury found Mrs. Hagar guilty of manslaughter, a Class C felony, and further found that she used a firearm in the commission of the offense. During the sentencing phase of the trial, the jury was given the following standard AMCI 2d 9304 verdict form on which to fix a sentence:

WE, THE JURY, HAVING FOUND ELIZABETH DIANE .HAGAR GUILTY OF MANSLAUGHTER, FIX HIS [sic] SENTENCE AT:

(A) A TERM OF (NOT LESS THAN 3 NOR MORE THAN 10 YEARS) IN THE ARKANSAS DEPARTMENT OF CORRECTION.

(B) A FINE OF (NOT EXCEEDING $10,000) DOLLARS; OR

(C) BOTH A TERM OF (NOT LESS THAN 3 NOR MORE THAN 10 YEARS) IN THE ARKANSAS DEPARTMENT OF CORRECTION AND A FINE OF (NOT EXCEEDING $10,000) DOLLARS.

In closing argument, Mrs. Hagar's attorney told the jury that they were allowed to consider and recommend to the judge that Mrs. Hagar be placed on probation. The jury deliberated and returned a verdict form to the trial court which left all of the blanks on the form empty, although the handwritten words "5 years probation" and "$5,000 fine" appeared at the bottom of the form below the jury foreman's signature. The jury was then dismissed without objection, at which point the State advised the trial judge that, notwithstanding the jury's recommendation of five years' probation, Ark. Code Ann. § 16-90-121 (1987) mandated the imposition of a ten-year prison sentence. Pursuant to that enhancement statute, any person who is found guilty of a felony involving the use of a "deadly weapon" shall be sentenced to a minimum of ten years in the state prison without parole. The trial court sentenced Mrs. Hagar to ten years in the Arkansas Department of Correction pursuant to section 16-90-121, and to a fine of $5,000 pursuant to the jury's recommendation. A motion to set aside the verdict and sentence was timely filed by Mrs. Hagar. She argued that the trial court should set aside the ten-year prison sentence and impose "the sentence as recommended by the jury" despite Ark. Code Ann. §

16-90-121, or in the alternative grant a new trial on the charge of manslaughter. The trial court denied the motion to set aside the verdict and sentence. From that decision Mrs. Hagar brings this appeal. This court has jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (6), because the case presents an issue of first impression and statutory interpretation.

For her sole point on appeal, Mrs. Hagar argues that the trial court erred when it sentenced her to ten years in the Arkansas Department of Correction pursuant to Ark. Code Ann. § 16-90-121. In support of this argument, she first asserts that § 16-90-121 is inapplicable because the jury did not find her guilty of a felony involving the use of a "deadly weapon." According to Mrs. Hagar, the appropriate statute for any enhancement is Ark. Code Ann. § 16-90-120, based upon the jury's finding that she used a "firearm" in the commission of the offense. We disagree.

■ Arkansas Code Annotated section 16-90-121 (1987) provides that:

> Any person who is found guilty of or pleads guilty to a felony involving the use of a *deadly weapon*, whether or not an element of the crime, *shall* be sentenced to serve a minimum of ten (10) years in the state prison without parole but subject to reduction by meritorious good-time credit.

(Emphasis added.) Arkansas Code Annotated section 16-90-120 (1987), on the other hand, provides that:

> (a) any person convicted of any offense which is classified by the laws of this state as a felony who employed any *firearm* of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, *may* be subjected to an *additional* period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

> (b) The period of confinement, if any, imposed pursuant to this section *shall be in addition to any fine or penalty provided by law as punishment for the felony itself.* Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

(Emphasis added.) We strictly construe criminal statutes and resolve any doubts in favor of the defendant. *Graham v. State*, 314 Ark. 152,

861 S.W.2d 299 (1993). However, we also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999). The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Bush v. State*, 338 Ark. 772, 2 S.W.3d 761 (1999). Statutes relating to the same subject must be construed together and in harmony, if possible. *Id.*

　　Arkansas Code Annotated section 5-1-102(4) (Repl. 1997) defines the term "deadly weapon:"

> (4) "Deadly weapon" means:
>
> (A) A *firearm* or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury; or
>
> (B) Anything that in the manner of its use or intended use is capable of causing death or serious physical injury.

(Emphasis added.) When this statute is read in conjunction with sections 16-90-120 and 16-90-121, and the statutes are given their ordinary and usually accepted meaning, there is no ambiguity. If a defendant is found guilty of a felony involving the use of a deadly weapon, including but not limited to a firearm, that defendant must be sentenced to serve a minimum of ten years in the state prison pursuant to section 16-90-121. According to the plain language of that statutory provision, the use of a deadly weapon need not be an element of the crime. If the deadly weapon used by the felon is a firearm, the sentencing court has the discretion pursuant to section 16-90-120 to impose a period of confinement not to exceed fifteen years, which period would be in addition to any fine or penalty authorized as punishment for the felony itself. We have previously held that when two punishment statutes exist, a court is not prevented from using the more stringent provision. *Russell v. State*, 295 Ark. 619, 751 S.W.2d 334 (1988). *See also, Jernigan v. State*, 38 Ark. App. 102, 828 S.W.2d 864 (1992); *Crespo v. State*, 30 Ark. App. 12,

780 S.W.2d 592 (1989). Indeed, the trial court was required to use the more stringent provision here. We therefore reject Mrs. Hagar's argument that the trial court should have sentenced her under Ark. Code Ann. § 16-90-120.

■ Mrs. Hagar next argues that the trial court erred in failing to sentence her according to the sentencing guidelines promulgated in Ark. Code. Ann. § 16-90-803 (Supp. 1997). Arkansas Code Annotated section 16-90-803(a)(1) provides that:

> When a person charged with a felony enters a plea of guilty or no contest, enters a negotiated plea, or is found guilty in a trial before the judge, or when the trial judge is authorized to fix punishment following an adjudication of guilt by a jury pursuant to § 5-4-103, sentencing *shall* follow the procedures provided in this chapter.

(Emphasis added.) Arkansas Code Annotated section 5-4-103(b) (Repl. 1997) provides that:

> (b) Except as provided by §§ 5-4-601— 5-4-605, 5-4-607, and 5-4-608, the court *shall* fix punishment as authorized by this chapter in any case where:
>
> (1) The defendant pleads guilty to an offense; or
>
> (2) The defendant's guilt is tried by the court; or
>
> (3) The jury fails to agree on punishment; or
>
> (4) The prosecution and the defense agree that the court may fix punishment; or
>
> (5) A jury sentence is found by the trial court or an appellate court to be in excess of the punishment authorized by law.

(Emphasis added.) Mrs. Hagar argues that the sentencing guidelines apply because the jury failed to agree on punishment. We disagree. The jury in this case unanimously recommended a sentence that included five years' probation and a fine of $5,000. The jury's recommended sentence fell clearly within the statutory range for a Class C felony, such as manslaughter. Ark. Code Ann. §§ 5-4-401(a)(4) and 5-4-201(a)(2) (Repl. 1997). Furthermore, a defendant convicted of a Class C felony may be sentenced to probation instead of a term of imprisonment. Ark. Code Ann. § 5-4-104(d)(2) (Repl. 1997). Accordingly, we conclude that the trial court did not err when it failed to sentence Mrs. Hagar according

to the sentencing guidelines promulgated in Ark. Code Ann. § 16-90-803.

■ Mrs. Hagar also cites the cases of *Higgins v. State*, 326 Ark. 1030, 936 S.W.2d 740 (1996), and *Slaughter v. State*, 69 Ark. App. 65, 12 S.W.3d 240 (2000), for the proposition that the jury "completely failed to render any verdict within compliance with Arkansas law" and "once the trial court dismissed the jury, the trial court had no discretion but to resort to the sentencing guidelines ... [.]" Those cases, however, are inapposite. In *Higgins v. State*, the jury initially fixed a sentence of zero imprisonment and a zero fine and suggested one year of probation. *Higgins v. State*, 326 ark. 1030, 936 S.W.2d 740 (1996). The trial court concluded that this was not a legal sentence and sent the jury back to deliberate once more. *Id.* The jury returned with a sentence of a $3,000 fine and no imprisonment, along with a suggestion of five years' probation. *Id.* We held that the trial court did not err in sending the jury back to reconsider the matter because the jury's first sentence fell outside the statutory range for the crime; that is, "the jury could have given a term of imprisonment or a fine or both, but instead, it seized none of these options." *Higgins v. State*, 326 Ark. at 1038, 936 S.W.2d at 744. The jury's sentence in this case is clearly distinguishable from the jury's first sentence in *Higgins v. State*. As previously stated, the sentence recommended by the jury fell within the statutory range for manslaughter. In fact, the jury's recommendation of a $5,000 fine and five years' probation is virtually identical to the second jury verdict in *Higgins v. State* — a $3,000 fine and five years' probation. In *Slaughter v. State*, the Arkansas Court of Appeals held that the trial court erred when it took the case from the jury and imposed its own sentence because the sentence imposed by the jury fell within the statutory range for the crime. *Slaughter v. State*, 69 Ark. App. 65, 12 S.W.3d 240 (2000). However, in that case there was no mandatory enhancement statute, such as Ark. Code Ann. § 16-90-121, as there was in this case. Moreover, Mrs. Hagar has never contended, either on appeal or before the trial court, that the trial court erroneously took the case away from the jury.

■ For her final argument, Mrs. Hagar contends that the trial court "failed to correct an illegal sentence when the opportunity was provided to it." This contention is also without merit for the reasons previously stated in connection with Mrs. Hagar's penultimate argument.

Affirmed.