Juana MARTINEZ, as Representative and Legal Guardian for Santiago Martinez *v.* Megan WRIGHT

CA 05-730
223 S.W.3d 71

Court of Appeals of Arkansas
Opinion delivered January 18, 2006

*Ken Swindle*, for appellant.

*Benson & Wood, P.L.C.*, by: *Brian Wood*, for appellee.

JOSEPHINE LINKER HART, Judge. In this personal-injury case, appellant Juana Martinez, as representative and legal guardian of her son, Santiago Martinez, appeals from a judgment in favor of appellee Megan Wright following a jury trial. Martinez raises two issues on appeal: first, that the trial court erred in excluding evidence that Wright "made no claim for damages and filed no counterclaim," and second, that the trial court erred in not allowing Martinez to use a police report to cross-examine the investigating police officer concerning statements made by another witness who testified at trial. Finding no error, we affirm.

On May 21, 2004, Martinez, her husband Jose Martinez, and Santiago were riding in a vehicle being driven by Jose when it collided with Wright's vehicle. Martinez filed suit seeking damages for Santiago's injuries. Wright answered and denied the material allegations of the complaint.

The direction of the green light at the time of the collision was the major contested issue. Jose Martinez testified that he was turning left on a green light when the collision occurred. Melody Mira-Valles testified that she was behind Jose Martinez's vehicle, waiting to turn left on a green arrow. She stated that she looked up, and the arrow was yellow. When she looked up again, the collision had occurred. Mira-Valles stated that she was sure that Jose did not enter the intersection on a red light but was unsure whether Jose entered the intersection on a green light or a yellow light. Mira-Valles stated that this was the statement she gave to the investigating officer.

Megan Wright testified that she went through the intersection while the light was yellow. She also stated her belief that Jose Martinez was totally at fault for the accident. On cross-examination, Martinez attempted to ask Wright whether she had filed a counterclaim seeking damages, asserting that the issue went to Wright's credibility. The trial court sustained an objection, ruling the question "immaterial."

Corporal Russ Allen of the Rogers Police Department testified that he investigated the accident. He stated that he recalled speaking with Melody Mira-Valles but denied that she told him that Jose Martinez had a yellow arrow. On cross-examination, Martinez attempted to question Allen from the police report that Allen had prepared following the accident. The trial court sustained Wright's objection and refused to allow Martinez to question Allen about the report as a business record.

Both of Martinez's points for reversal concern evidentiary issues, and this court reviews evidentiary errors under an abuse-of-discretion standard. *See Barnes v. Everett*, 351 Ark. 479, 95 S.W.3d 740 (2003). The circuit court has broad discretion in its evidentiary rulings; hence, the circuit court's findings will not be disturbed on appeal unless there has been a manifest abuse of discretion. *See id.*

For her first point, Martinez contends that the trial court erred in not allowing her to cross-examine Wright concerning the fact that Wright did not file a counterclaim for damages after testifying that she believed that Jose Martinez was at fault for causing the accident. Martinez argues that the question was relevant because it went to Wright's credibility. According to Martinez, the trial court's decision to exclude the evidence "too severely restricted the plaintiff's questioning of the defendant." We disagree.

We are mindful that our courts have allowed a party's pleading to be used as impeachment evidence against that party and the statements made in a pleading are admissions for impeachment purposes. *See Coca-Cola Bottling Co. v. Gill*, 352 Ark. 240, 100 S.W.3d 715 (2003); *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001); *accord Jernigan v. State*, 38 Ark. App. 102, 828 S.W.2d 864 (1992) (allowing the use of a defendant's complaint filed in an earlier civil suit to impeach her at her criminal trial). In *Dodson*, the trial court had refused to allow Dodson, as plaintiff, to use as evidence withdrawn allegations in the defendants' counterclaim where they asserted that Dodson was performing illegal and fraudulent acts in providing physical-therapy treatment. The supreme court reversed and held that Dodson was entitled to use withdrawn allegations of his wrongdoing for impeachment purposes against defendant Allstate Insurance's stance at trial that it never asserted Dodson had done anything wrong.

However, we believe that the more relevant case is our decision in *Belz-Burrows, L.P. v. Cameron Construction Co.*, 78 Ark. App. 84, 78 S.W.3d 126 (2002). In that case, the owner of a development sued its general contractor for constructing the project in an unworkmanlike manner. The general contractor, in turn, sued the owner's tenant for misuse of the premises but then nonsuited its cause of action against the tenant. At trial, the owner sought to introduce proof of the nonsuit to show that, if the contractor believed the tenant was to blame, it would not have

nonsuited its cause of action. We drew a distinction between a withdrawn pleading such as in *Dodson* and filing a nonsuit:

> [T]here is a significant difference between the admissibility of a withdrawn pleading and the admissibility of the fact that a nonsuit was taken. The admissibility of a withdrawn pleading rests on the fact that it is considered an admission and is inconsistent with the present position of the party who filed it. When a party states a fact in a pleading, he is averring that it is true; therefore, if at trial he takes a position contrary to the one taken in the pleading, a clear inconsistency is revealed. The same reasoning does not necessarily apply to the taking of a nonsuit. Unlike a pleading, a nonsuit is not defined by its content; it does not necessarily express a statement or assert a position. A pleader who takes a nonsuit does not necessarily admit that his suit has no basis; rather, a nonsuit is often taken for other reasons, such as settlement or trial strategy. In light of that fact, we are reluctant to accord a nonsuit the same impeachment value as a withdrawn pleading. We cannot say, therefore, that the trial court abused its discretion in excluding the nonsuit from evidence.

*Belz-Burrows*, 78 Ark. App. at 91-92, 78 S.W.3d at 131. Here, Wright filed an answer that generally denied the allegations of Martinez's complaint, including that she was negligent in her operation of her vehicle. The fact that she did not file a counterclaim was not an assertion of fact, and therefore, she could not be impeached on this point.

There are many possible reasons why Wright may have chosen not to file a counterclaim for damages, *i.e.*, her vehicle may not have been severely damaged; she may have believed that it would prolong the time necessary to resolve the case; it may have been a matter of trial strategy by her attorney. In short, why Wright did not file a counterclaim was not relevant to the issues. *Belz-Burrows, L.P., supra.* Therefore, we affirm on this point.

For her second point, Martinez argues that the trial court erred in not allowing her to cross-examine the investigating officer, using the police report. As noted above, Corporal Allen testified that neither Melody Mira-Valles nor anyone else told him that Jose Martinez had a yellow arrow at the time of the collision. We are unable to address this argument.

■ This point on appeal is procedurally barred because Martinez made no proffer of the evidence that she sought to introduce through cross-examination of Allen. To challenge a

ruling of the trial court excluding evidence, the appellant must proffer the excluded evidence so that the appellate court can review the trial court's decision, unless the substance of the evidence is apparent from the context. Ark. R. Evid. 103(a)(2); *Halford v. State*, 342 Ark. 80, 27 S.W.3d 346 (2000); *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). The failure to proffer evidence so this court can determine if prejudice resulted from its exclusion precludes review of the evidence on appeal. *Leaks, supra.*

Affirmed.

GLOVER and BAKER, JJ., agree.