STATE *vs.* CHARLES E. GORHAM.

York, 1875.—March 1, 1876.

*Indictment. Intoxicating liquors. Evidence.*

The book containing a record of the names of persons paying special taxes, kept at the office of the collector of internal revenue by virtue of a requirement of the statutes of the United States, is *prima facie* evidence of the facts properly contained in it; and either the original or a copy duly certified may be received in evidence.

An allegation in the indictment that the defendant has been once before convicted of the offense charged against him, (whether as common seller or as keeper of a drinking house and tippling shop,) stated in general terms as prescribed in the statute, is sufficient to sustain a conviction against him for a second offense.

ON EXCEPTIONS.

INDICTMENT for being a common seller of intoxicating liquors, from April first, 1874, till the finding of the indictment at the September term following; also an indictment for keeping a drinking. house and tippling shop; two cases covering the same time considered together.

Each indictment charged a former conviction and each was supported by similar evidence. The averment of former conviction was in the form following:

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said Charles E. Gorham has been once before convicted as a common seller of intoxicating liquors, under section twenty-nine of chapter twenty-seven of the Revised Statutes of said state, in said county of York."

The averment in the second indictment was of the same general form, differing only in the substitution of the words "for keeping a drinking house and tippling shop" in place of the words "as a common seller of intoxicating liquors."

A witness on the part of the government testified that he was acting in the capacity of deputy collector of internal revenue for the first district of Maine, that he had in his hand an alphabetical list of persons who had paid special taxes for the year ending 1875, that it was the original record kept by him for that purpose

in the office of internal revenue, that it was his duty to keep it and that the name of Charles E. Gorham appeared upon it. The witness then read in answer to a question by the prosecuting officer, by leave of court and against the defendant's objection, as follows :

"Charles E. Gorham, retail liquor dealer, Saco, May 13th, $25. Old Orchard House." The heading is:—"Record of Special Taxes, First District of Maine, from May, 1874, to April 30, 1875."

To sustain the allegation concerning a former conviction, the government officer offered in evidence a copy of a record, to the introduction of which the counsel objected and contended among other things that the count under which it was introduced was so general and informal, that no evidence could be legitimately introduced under it; that it did not allege time or place or court at which such conviction was had, and that no legal conviction could be had under the sectio ntherein referred to ; that there was nothing to indicate that the conviction, evidenced by the record offered, was the same referred to in the count; that the count gave the party no notice of the particular offense and conviction therein referred to, and was neither sufficient at common law nor under the chapter referred to. The presiding justice overruled the objection and admitted the record, and in his charge to the jury instructed them that it was sufficient evidence to sustain the allegation in the indictment concerning the prior conviction.

The defendant filed a motion in arrest of judgment because of the insufficiency of the count alleging former conviction, which was overruled by the court.

To all of which rulings the defendant, the verdict being guilty, excepted.

*R. P. Tapley,* for the defendant.

*W. F. Lunt,* county attorney, for the state.

PETERS, J. The book, admitted in evidence in these cases, was a record of the payments of special licenses. It was not a book of assessments. It is kept by the collector of internal revenue, under the requirements of the revenue act of December 24, 1872, (incorporated into the Revised Statutes of the United States, in

section 3240,) which provides, "that each collector of internal revenue shall, under regulations of the commissioner of internal revenue, place and keep conspicuously in his office, for public inspection, an alphabetical list of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place and business for which such special taxes have been paid." The book was introduced to show that the respondent had paid for a license as a retail liquor dealer, for a period of time covered by the indictment; and it was clearly admissible as *prima facie* evidence of that fact. It is an official record, kept by a sworn officer, and authorized by law. 1 Greenl. on Ev., §§ 483, 484, 485. In *Gurney* v. *Howe*, 9 Gray, 404, it was held that a post office record of registered letters received was competent evidence of the facts contained in it; and in *Sumner* v. *Sebec*, 3 Maine, 223, that a book found in the hands of a town clerk, purporting to be a record of births and marriages in the town, was *prima facie* evidence of the facts contained in it, though it had no title or certificate or other attestation of its character; in *Merriam* v. *Mitchell*, 13 Maine, 439, that a post office record of mails received and sent away was admissible in evidence; in *Hodgdon* v. *Wight*, 36 Maine, 326, that the books of the state treasurer may be received in evidence to show that taxes upon wild lands had been paid; in *Wayland* v. *Ware*, 104 Mass., 46, that the record kept by a town clerk of the soldiers who composed his town's quota of the troops furnished by the commonwealth of Massachusetts to the United States during the civil war, was competent, though not conclusive, evidence of facts it was required by statute to contain; and there are among the cases many other similar instances where such evidence has been received. The same authorities (with others) decide that either the original or a certified copy may be received in evidence. *Parker* v. *Currier*, 24 Maine, 168. *Sawyer* v. *Garcelon*, 63 Maine, 25. And the original is admissible, whether it is or not improperly taken from the office, where the law requires (as in this case) that it shall be constantly kept. *Brooks* v. *Daniels*, 22 Pick., 498. Nor was it necessary for the acting deputy collector to produce any proof more than his own oath, that he had the official possession of the

records, until some facts were put in evidence, having a tendency to show the contrary. *Com.* v. *Connell*, 9 Allen, 488. Nor did it prejudice the respondent that the book, by a slip of expression by the court, was styled a book of "assessments" instead of "collections;" for he would in fact be benefited thereby. The remark rather limited than extended the value and force of the evidence. By the law, a person could not pay for a license until he was assessed; nor can he be assessed until he has made an application to be assessed.

The objections to the indictment cannot be sustained. The points involved have been mostly determined in the case of *State* v. *Wentworth*, 65 Maine, 234. Our attention is called to the fact that the word "spirituous," instead of the word "intoxicating," is used in that part of c. 27, § 55, which relates to the allegation of prior convictions. Undoubtedly the word "intoxicating" would be the more appropriate word in that connection. But taken with § 57, in all its parts, including the forms prescribed, the interpretation is plain enough. The words "spirituous liquors" in § 55 are not a necessary portion of the section at all. Besure, the common law technicalities of pleading are very considerably abrogated under this statute. But we do not see how any practical wrongs can g row out of it. *Com.* v. *Miller*, 8 Gray, 484.

*Exceptions in both cases overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.