PEOPLE *v.* BUCK.

1. CRIMINAL LAW—DISORDERLY PERSONS—SUCCESSIVE OFFENSES—SUFFICIENCY OF INFORMATION.

An information for a third offense under the act in relation to disorderly persons ( 3 How. Stat. § 1997a *et seq.*) must allege that convictions were had for such previous offenses, and, properly, it should also state the date and the occasion of such convictions.

2. SAME—APPEAL—ASSIGNMENTS OF ERROR.

An objection that an information for a third offense is defective in not averring prior convictions may be raised on appeal by assignments alleging error in the charge, authorizing a conviction as for a third offense, and in the sentence, imposing a punishment appropriate to such a conviction, and in excess of that which could be lawfully imposed for a first conviction; and this, notwithstanding the respondent pleaded to the information before moving to quash for the reason stated.

Error to Ingham; Person, J. Submitted April 30, 1896. Decided June 30, 1896.

Jessie Buck was convicted, under the disorderly act, of being a common prostitute, and sentenced to imprisonment in the Detroit House of Correction for two years. Judgment reversed.

*Jason E. Nichols*, for appellant.

*L. B. Gardner*, Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was convicted of being a disorderly person, to wit, a common prostitute, and was sentenced to the Detroit House of Correction for two years. The information contained the following language: "Said offense being, and is hereby charged as, a third offense." There was no description of the pre-

vious alleged offenses, nor was it averred that there had been any previous convictions.

It is clear that, under the statute (section 1997*a*1, 3 How. Stat.), it is not only necessary to charge the offense as a second or third offense, as the case may be, but it is also essential to charge that there has been a conviction for such previous offense or offenses; and, properly, the information should state, at least, the date and the occasion of such conviction. *Com.* v. *Harrington*, 130 Mass. 35; *Ex parte Hiser*, cited in *Blackburn* v. *State*, 50 Ohio St., at page 436. The case of *State* v. *Gorham*, 65 Me. 270, is cited by the prosecutor, but that case does not go far enough to sustain the information in this case as an information for a third offense under our statute. Moreover, the holding in *State* v. *Gorham* is based upon a statute. See *State* v. *Wentworth*, 65 Me. 247 (20 Am. Rep. 688).

The prosecutor also contends that the respondent is not in position to raise the question, as she pleaded to the information before moving to quash. But we think the assignments alleging error in the charge and in the sentence sufficient to raise the question. In the absence of an averment of previous convictions, a sentence could not lawfully be imposed for a longer term than 30 days.

The conviction will be set aside, and the respondent discharged.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.