NAIL *v.* STATE.

4822

283 S. W. 2d 683

Opinion delivered November 7, 1955.

[Rehearing denied December 5, 1955.]

*Jeff Duty,* for petitioner.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for respondent.

MINOR W. MILLWEE, Associate Justice. On January 26, 1955, appellant was convicted in the Municipal Court of Rogers, Arkansas, as a second offender, of driving an automobile while under the influence of intoxicating liquor in violation of Ark. Stats., Secs. 75-1027 and 75-1029, and his punishment was fixed at a fine of $250 and a jail sentence of 90 days. On appeal to the Benton Circuit Court, there was a jury trial on March 25, 1955 resulting in the same judgment as in municipal court. There was no appeal from this judgment.

On August 5, 1955, appellant filed in this court the instant petition to quash on *certiorari* the circuit court judgment on the ground that the information failed to charge a previous conviction thereby rendering said judgment void.

The information, omitting its formal parts, alleges: "The said Ray Nail, in the said County of Benton, State of Arkansas, on or about the 8th day of October 1954, did wilfully and unlawfully operate a motor vehicle upon a public highway, while, he, the said Ray Nail, was under the influence of intoxicating liquor, this offense being the second offense of driving while under the influence of intoxicating liquor committed by the said Ray Nail within one year of the first offense of driving while under the influence of intoxicating liquor committed by the defendant."

Ark. Stats., Sec. 75-1029, supra, is section 3 of Act 208 of 1953. After providing the punishment for a first conviction of driving an automobile while under the influence of intoxicating liquor, or drugs, as set forth in sections 1 and 2 of the act, the statute provides: "On a second or subsequent conviction for an offense committed within one [1] year of the first offense of a violation of this Act, he shall be punished by imprisonment for not less than ten days (10), nor more than one year, and a fine of not less than two hundred and fifty dollars ($250.00) nor more than one thousand dollars ($1,000.00) and his privilege to operate a motor vehicle shall be revoked for one [1] year. . . ."

Since such issues are not raised, we will assume, without deciding, that *certiorari* is available to appellant as a remedy, and that the contents of the information alleged to be defective are apparent from the face of the record. When so considered, we hold the information sufficient, in the absence of a motion for bill of particulars, to charge a prior conviction and to clearly apprise appellant that the state was claiming the particular offense charged to be his "second offense" within the meaning of the statute.

Appellant relies upon the general rule followed in *Robbins* v. *State*, 219 Ark. 376, 242 S. W. 2d. 640, to the effect that, in order to subject an accused to the enhanced punishment for a second or subsequent offense as a habitual criminal, it is necessary to allege in the information or indictment the fact of a prior conviction or convictions. In that case, we held an information insufficient to sustain the defendant's conviction of a felony for a third offense of selling liquor where the information only alleged a misdemeanor and one offense under a statute that provided increased punishments for second and third "convictions." It is appellant's contention that the information here was fatally defective because the words "convicted" or "conviction" were not used in reference to the first, or prior, offense. It should be noted that the prosecuting attorney, in drafting the instant information, simply followed the language of the statute by charging appellant with a second offense committed within one year of the "first offense," which latter term the Legislature clearly meant to be synonymous with first, or prior, "conviction."

In the *Robbins* case, we said: "If the information in the case at bar had charged the prior convictions of appellant only in general terms, then it might have been sufficient under our liberal rules of procedure, at least in the absence of a motion for bill of particulars. But the information here embraces no charge of a prior conviction nor any other allegation calculated to put appellant on notice that he was charged with a felony." What

was lacking there is clearly present in the instant case. Here a prior conviction was sufficiently alleged in the absence of a motion for bill of particulars.

While the fact of conviction should be sufficiently averred in an information or indictment seeking to charge accused as a second or subsequent offender, it is not essential to use the word "convicted" if its equivalent is otherwise sufficiently alleged. 42 C. J. S., Indictments and Informations, Sec. 145 b(b). The term "second offense," as it is used in habitual criminal statutes, has been generally defined by the courts as, "one committed after conviction for a first offense." See, Black's Law Dictionary (4th Ed.) p. 1233, and cases there cited. As the court said in *Holst* v. *Owens*, (C. C. A. Fla.) 24 Fed. 2d. 100: "It cannot be legally known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense." See also, *Carey* v. *State*, 70 Ohio St. 121, 70 N. E. 955; *State* v. *Gielen*, 54 N. D. 768, 210 N. W. 971. While the holding in these cases is contrary to that of the Michigan court in *People* v. *Buck*, 109 Mich. 687, 67 N. W. 982, upon which appellant relies, we think it represents the more reasonable view and one that is in keeping with the liberal rules relating to the form, sufficiency and construction of words used in indictments and informations as set forth in Ark. Stats. Secs. 43-1007 to 43-1024.

The petition for writ of *certiorari* is denied.