David COLBURN *v.* STATE of Arkansas

CR 02-731                                    98 S.W.3d 808

Supreme Court of Arkansas
Opinion delivered February 28, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

T OM GLAZE, Justice. This case ensues from a domestic dispute between the appellant, David Colburn, and his wife, Donna Colburn. On August 14, 2001, and on August 15, 2001, David caused physical injury to Donna, and he later was charged separately on both counts with committing domestic battering in the third degree under Ark. Code Ann. § 5-26-305 (Supp. 2001).

The record reflects that, on August 16, 2001, David pled guilty in Little Rock Municipal Court to the Class A misdemeanor third-degree domestic battering of Donna, which occurred on August 15. On October 17, 2001, the State filed an information in Pulaski County Circuit Court against David in connection with the August 14 battering of Donna, charging him with a Class D felony offense of third-degree battering.[1] Section 5-26-305(b)(2)(A)(iii) provides a third-degree battering charge is a

---

[1] The record is not clear why the August 15 charge was filed in municipal court and the August 14 charge was later filed in circuit court.

Class D felony if, within the past five years, the person has committed a *prior offense* of domestic battering in the third degree. Otherwise, third-degree domestic battering is a Class A misdemeanor. § 5-26-305(B)(1).

At trial, the State moved to introduce a certified copy of David's municipal court guilty plea. In response, David contended that his conviction for domestic battering in municipal court was not relevant, and therefore could not be used to enhance the felony third-degree battering charge in circuit court. He reasoned that, since the August 15 offense was subsequent, not prior, to the August 14 offense charged in circuit court, felony third-degree domestic battering could not be established, and he was entitled to a directed verdict. The circuit court denied David's motion to dismiss, and David rested his case without presenting a case-in-chief. The court found David guilty of Class D felony third-degree domestic battering and subsequently sentenced him to eighteen months' imprisonment. David brings this appeal, raising two points for reversal.

David's first argument is that the trial court erred in admitting the State's exhibit of the certified copy of his municipal court guilty plea to the misdemeanor domestic battering charge which occurred on August 15, 2001. He refers to § 5-26-305(a) and (b)(2)(A)(iii) (Supp. 2001), and asserts that to prove a Class D felony domestic battering in the third degree, the State must prove a person committed a prior offense of third-degree domestic battering within the past five years. David argued below and in this appeal that the certified copy of his guilty plea in municipal court to the August 15 offense was not relevant because he committed that offense subsequent, and not prior, to the felony battering offense which occurred on August 14. David asserts that, to be relevant, the municipal court's prior conviction would have had to show the added element that, within five years before the August 14 felony battering charge in issue here, he committed an offense of domestic battering. In other words, David submits that there is a distinction between a *prior conviction* and having committed a *prior offense*.

David further adds that the language of § 5-26-305 referring to "within the past five years" is ambiguous in that the provision does not specifically state a date to be used in determining when the "past five years" begins. He suggests that two possible beginning points are (1) the date the defendant committed the domestic battering in issue, or (2) the date the defendant stands trial for having committed the offense. Citing *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002), David argues that, when an ambiguity exists in a criminal statute, this court strictly interprets the statute in the defendant's favor. The State's view of § 5-26-305 is that the legislature intended to allow enhancement with convictions occurring within five years prior to the trial of the August 14 enhanced offense, regardless of the chronological order in which the offenses were committed.

The State agrees with David that we must interpret § 5-26-305(b)(2)(A)(iii) and determine whether the five-year backward calculation of offenses begins on the date David committed the enhanced offense or the date the enhanced offense is tried. However, the State submits that the legislative intent supports the interpretation to allow enhancement with all offenses that occur five years prior to trial of the enhanced offense. In other words, the State argues David's August 16 conviction shows he had committed another battering offense within five years of his trial for the August 14 offense; therefore, the August 16 conviction involving the August 15 offense was relevant for enhancement purposes. The State offers several theories in support of its position.

First, the State argues that we should interpret the term "prior offense," as employed in § 5-26-305(b)(2)(A), to mean a defendant who has been previously convicted, regardless of the chronological order in which the offense or misconduct occurred. The State claims such an interpretation is consistent with case law. It cites *Nail v. State*, 225 Ark. 495, 283 S.W.2d 683 (1955), for the proposition that, without any statutory language indicating that the dates the defendants commit their offenses are determinative, "offense" is synonymous with "conviction." In *Nail*, the prosecuting attorney filed an information against the defendant simply by following the language of the statute by charging Nail with a second offense committed within one year of the *"first offense,"*

which latter term the Legislature clearly meant to be synonymous with the first, or prior "conviction." The *Nail* court further stated the following:

> While the fact of conviction should be sufficiently averred in an information or indictment seeking to charge an accused as a second or subsequent offender, it is not essential to use the word "convicted" if its equivalent is otherwise sufficiently alleged. The term "second offense," as it is used in habitual criminal statutes, has been generally defined by the courts as, "one committed after conviction for a first offense." It cannot be legally known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense.

*Nail*, 225 Ark. at 495 (citations omitted).

Our court explained the *Nail* decision in the later case of *Rogers v. State*, 293 Ark. 414, 738 S.W.2d 412 (1987). In *Rogers*, this court interpreted the Omnibus DWI Act, and decided when, under that Act, a prior offense occurred for purposes of penalty enhancement. There, the defendant was charged with the "offense" of DWI for operating his vehicle while intoxicated on May 11, 1986; he had two *prior* DWI "convictions," one on June 22, 1984, and the other on July 17, 1985. There was no proof or stipulation as to the dates on which the two *prior offenses* were committed. However, the trial court found the defendant, Rogers, guilty of "the third offense occurring within three years of the first offense."

This court reversed the trial court because the State did not show that all three "violations" (offenses) occurred within three years of the first violation; instead, it only showed that all three "convictions" occurred within three years. The court rejected the State's contention that an "offense" occurs on the date of the conviction, because the word "offense" is often equated with the word "conviction." The *Rogers* court cited the *Nail* decision and acknowledged it is true that "offense" is often held to mean "conviction." However, the *Rogers* court went on to explain *Nail* and similar cases as follows:

The State contends that an offense occurs on the date of the conviction, because the word "offense" is often equated with the word "conviction." It is true that "offense" is often held to mean "conviction." [S]uch cases deal with the problem that an act cannot be considered an "offense" until there has been a conviction, and they simply do not address the issue of when an "offense" occurs. There are two different concerns, and the distinction is best illustrated by employing a two-step analysis. *The first step is that the act in issue is not elevated to the status of an "offense" until there is a conviction. The second step is that once a conviction is shown, it must relate back and the act is deemed an "offense" from the moment of commission. Therefore, the offense occurs when the criminal act is committed.*

*Rogers*, 293 Ark. at 414 (citations omitted) (emphasis added).

When we apply the rationale in *Rogers* to the present case, David's August 15 battering of Donna was not elevated to the status of an "offense" until there was a conviction. Here, once David was convicted on his August 15 battering charge under § 5-26-305(b)(2)(A), that criminal misconduct was deemed an "offense" from the moment of its commission. That being true, David's offense occurring on August 15 was not a prior offense since it occurred after the August 14 battering charge.

The State also compares the enhancement provision in § 5-26-305(b) with cases involving Arkansas's Habitual Offender Statutes. *See* Ark. Code Ann. § 5-4-501 (Supp. 2001). For example, it cites *Beavers v. State*, 345 Ark. 291, 47 S.W.3d 222 (2001), where the court held the Habitual Criminal Statutes are not deterrent, but punitive in nature, so that a prior conviction, *regardless of the date of the crime*, may be used to increase punishment. However, in *Beavers*, the enhancement statute plainly spoke in terms of the *conviction* date of the offenses and not the dates of the actual crimes.[2] *See also Conley v. State*, 272 Ark. 33, 612 S.W.2d 722 (1981). As already thoroughly discussed, the statute

[2] Section 5-4-501(d)(1) reads as follows:

A defendant who *is convicted* of a felony involving violence enumerated in subdivision (d)(2) of this section and who has previously been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section shall be sentenced to an extended term of imprisonment, without eligibility

here speaks in terms of a *prior offense* of domestic battering in the third degree.[3] Our case law, like the *Nail* and *Rogers* decisions, has given meaning to the interplay between such terms as "prior offense" and "prior convictions," and when interpreting a statute, we construe it just as the statute reads. *See Hager v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). Moreover, the Legislature is presumed to know the decisions of the supreme court, and it will not be presumed in construing a statute that the Legislature intended to require the court to pass again upon a subject where its intent is not expressed in unmistakable language. *Books-A-Million, Inc. v. Ark. Painting & Specialities Co.*, 340 Ark. 467, 10 S.W.3d 857 (2000).

In conclusion, we believe § 5-26-305 is, at the very least, ambiguous because it is subject to more than one interpretation. As David is quick to point out, this court strictly construes criminal statutes and resolves any doubt in favor of the defendant. *Williams*, 347 Ark. 728, 67 S.W.3d 548.

David's second and final argument is related and dependent upon our ruling in the first. Defense counsel moved for dismissal because the State had not proved David had committed a "prior offense" to the August 14 offense by introducing the August 16 conviction of the August 15 offense. Since we agree with David that the State's evidence did not amount to substantial evidence, we must reverse and remand.

---

except under § 16-93-1302 for parole or community punishment. (Emphasis added.)

[3] It is noteworthy to point out the phrasing of the previous version of § 5-26-305. That version also defined domestic battering in the third degree as a Class A misdemeanor. However, the statute continued, "if the person has previously been *convicted or found guilty* of domestic battering in the first, second, or third degree, or wife battering in the first, second, or third degree, domestic battering in the third degree is a Class D felony." (Emphasis added.)