STATE of Arkansas *v.* Joseph K. SOLA

CR 02-1278                                                    118 S.W.3d 95

Supreme Court of Arkansas
Opinion delivered September 18, 2003

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellant.

*Coker Law Firm, P.A.*, by: *Keith D. Coker*, for appellee.

ROBERT L. BROWN, Justice. This is an appeal brought by the State of Arkansas from a judgment for DWI, third offense, involving appellee Joseph K. Sola. The State appeals on the sole issue that the circuit court erred when it found that a DWI offense, which occurred on July 11, 2001, was not admissible for purposes of determining Sola's sentence for a June 14, 2001 DWI offense. We agree with the State and reverse the judgment of the circuit court. We remand the matter for further proceedings.

The facts of this case reveal that Sola has been arrested four times for driving while intoxicated and convicted and sentenced for each offense: on May 12, 1998 (convicted on October 21, 1998); on October 7, 1998 (convicted on January 6, 1999); on June 14, 2001 (convicted on September 13, 2002); and on July 11, 2001 (convicted on September 26, 2001).

On November 9, 2001, the prosecuting attorney brought charges in Pope County against Sola for DWI, fourth offense, based on the June 14, 2001 arrest. According to the information, the charge was a felony with a possible sentence of one-to-six years in prison and a $900-to-$5,000 fine. A bench warrant then issued for Sola. On February 13, 2002, Sola moved for discovery. On April 8, 2002, both parties filed for a continuance of the trial. On July 25, 2002, the State moved for a continuance, and on August 23, 2002, Sola moved for a continuance.

On August 30, 2002, Sola moved to suppress the conviction relating to the July 11, 2001 DWI offense and asked the circuit court to suppress evidence relating to that offense. The circuit court found that Sola's July 11, 2001 DWI offense should not be received as evidence by the court for purposes of sentencing under Ark. Code Ann. § 5-65-111(b)(3) (Supp. 2001) and granted the motion.[1]

On September 11, 2002, the circuit court conducted a trial relating to the June 14, 2001 DWI arrest, at the conclusion of which the court found Sola guilty of DWI, third offense. The court ordered Sola to serve 120 days in jail and pay a fine of $2,500.

---

[1] When Sola was convicted, the DWI penalty enhancement statute was Ark. Code Ann. § 5-65-111(b)(3) (Supp. 2001). Subsequently, this statute was amended by Act 2003, No. 1461, §§ 1,2, and codified as Ark. Code Ann. § 5-65-111(b)(3)(A) (Supp. 2003).

## I. Jurisdiction

■ We first address whether this court has jurisdiction of this State appeal. The State's right to appeal in criminal cases is not derived from either the United States or Arkansas Constitution and is not a matter of right. *State v. Ashley*, 347 Ark. 523, 66 S.W.3d 563 (2002). Rather, this court has set out the parameters for State appeals in our appellate rules:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

> (c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

Ark. R. App. P.—Crim. 3(b) and (c).

■ In this appeal, the State contests the manner in which the circuit court determined the number of DWI offenses for purposes of sentencing. Clearly, the issue of sentencing in DWI cases where multiple DWI offenses are involved has statewide significance. We conclude that this case satisfies the criteria of Rule 3(c) in that the State asserts that the sentencing in this case constitutes an error that has been committed to the prejudice of the State and that the correct and uniform administration of criminal law requires review by this court. *See, e.g., State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). Accordingly, we accept this appeal.

## II. DWI — Fourth Offense

The State contends there was error committed by the circuit court in not considering the July 11, 2001 DWI offense for purposes of sentencing related to the June 14, 2001 offense. Had the circuit court counted the July 11, 2001 DWI offense in sentencing Sola, the State maintains, this would have been his fourth offense, and Sola would have been guilty of a felony under Ark. Code Ann. § 5-65-111(b)(3).

■ Because the criminal code provision dealing with multiple DWI offenses is pivotal to the State's appeal, we begin by quoting the appropriate code section:

> (b) Any person who pleads guilty or nolo contendere to, or is found guilty of, violating § 5-65-103 or any other equivalent penal law of another state or foreign jurisdiction shall be imprisoned or shall be ordered to perform public service in lieu of jail as follows:
>
> . . . .
>
> (3) For at least one (1) year but no more than six (6) years for *the fourth offense occurring within five (5) years of the first offense* or not less than one (1) year of community service and shall be guilty of a felony. (Emphasis added.)

Ark. Code Ann. § 5-65-111(b)(3).

The State first claims that because there is no sequential prosecution requirement in § 5-65-111(b)(3), the chronological order in which the violations are prosecuted is immaterial. Thus, according to the State, because Sola committed four DWI offenses within a five-year period, the circuit court erred when it found Sola guilty of only a third-offense DWI, which is a misdemeanor.

Sola responds by emphasizing that this court has said, when interpreting criminal statutes, that we consider such statutes "strictly, resolving any doubts in favor of the defendant." *Short v. State*, 349 Ark. 492, 495, 79 S.W.3d 313, 315 (2002). Thus, if this court concludes there were any doubts about whether the circuit court should have counted the July 11, 2001 DWI offense for sentencing purposes under § 5-65-111(b)(3), we should suppress evidence of that offense. This would mean that the circuit court correctly found Sola guilty of a DWI, third offense, and we should affirm. Sola further maintains that the date of a DWI offense is the

date of arrest, if that arrest results in a conviction, under the reasoning of this court in *Rogers v. State*, 293 Ark. 414, 738 S.W.2d 412 (1987). As a result, according to Sola, this court should focus on the date of the DWI offense in question, which is June 14, 2001, and examine whether there are earlier DWI offenses to determine the appropriate sentence.

To bolster his position, Sola points the court to the Arkansas Model Criminal Jury Instruction 2d 9201.4, which reads in part:

> If you find that the [State] [City] has proved [three] prior convictions for driving while intoxicated within five years immediately prior to the commission of this offense, you shall sentence him to a term of not less than one nor more than six years imprisonment in the Arkansas Department of Correction or to perform community service in lieu of imprisonment for not less than one year, and fine him an amount not less than $900 nor more than $5,000.

He claims that this jury instruction indisputably supports his interpretation of § 5-65-111(b)(3). As a final point, he asserts that § 5-65-111(b)(3) is a habitual offender statute where enhancement of a sentence is supposed to act as a deterrent. Here, he claims, the July 11, 2001 DWI offense could not act as a deterrent to the June 14, 2001 conduct because it occurred after the fact.

■■ This appeal manifestly involves a matter of statutory interpretation, and it is boilerplate law that we review such questions *de novo*. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 325 (2002). Our initial focus must be to ascertain the plain meaning of the statute. On this point, we said in *Short v. State, supra*:

> We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id*. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id*. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id*.

349 Ark. at 495, 79 S.W.3d at 315.

■ In construing § 5-65-111(b)(3) just as it reads, it is clear to us that we must look to the date of the first offense. From that date, we count forward five years. The question then becomes how many DWI offenses have occurred within that five-year period as of the sentencing date for the DWI offense in question. Thus, if sentencing for a DWI offense is at hand, and the issue is whether there have already been three DWI offenses, you simply count the offenses that fall within five years from the date of the first offense as of the sentencing date. This is what § 5-65-111(b)(3) plainly says. Hence, there are no doubts to be resolved in favor of the defendant under the test in *Short v. State, supra.*

■■ The next question for us to resolve is the time when an offense occurs. Sola is correct that we answered this question in *Rogers v. State, supra.* In *Rogers,* the defendant operated his vehicle while intoxicated in violation of Ark. Stat. Ann. § 75-2503(a) (Supp. 1985)[2]. The defendant had two other DWI convictions that occurred within three years, the then time limit for penalty enhancement under Ark. Stat. Ann. § 75-2504(b)(2)[3]. This court explained that determining when an offense occurs is a two-step process. We said that the first step to remember is that "the act in issue is not elevated to the status of an 'offense' until there is a conviction," and the second step is that "once a conviction is shown, it must relate back and the act is deemed an 'offense' from the moment of commission." *Rogers,* 293 Ark. at 415, 738 S.W.2d at 413. We reversed the circuit court in *Rogers* and remanded the case because no proof of the dates of *arrest* were in the record. Under our reasoning in *Rogers,* in the case at hand, the June 14, 2001 arrest was not an "offense" until Sola was convicted on September 13, 2002. Following his conviction, "when the offense occurred" relates back to the day the violation was committed and the arrest took place, which was June 14, 2001.

■ Moreover, under the *Rogers* two-step logic, Sola's July 11, 2001 violation would not have risen to the status of an "offense" until he was convicted of the DWI on September 26,

---

[2] When Sola was convicted, Ark. Stat. Ann. § 75-2503(a) (Supp. 1985) was codified as Ark. Code Ann. § 5-65-103(a) (Supp. 2001), which is identical to the language now codified as Ark. Code Ann. § 5-65-103(a) (Supp. 2003).

[3] When Sola was convicted, Ark. Stat. Ann. § 75-2504(b)(2) (Supp. 1985) was codified as Ark. Code Ann. § 5-65-111(b)(3) (Supp. 2001) and now as Ark. Code Ann. § 5-65-111(b)(3)(A) (Supp. 2003).

2001. Once that conviction occurred, the date of the DWI offense also related back to the day of commission, which was July 11, 2001. Thus, by the time Sola was tried on September 11, 2002, for the June 14, 2001 violation, Sola already had been convicted of three DWI offenses: (1) the May 12, 1998 violation was found to be an offense occurring on May 12, 1998, because of the conviction on October 21, 1998; (2) the October 7, 1998 violation was found to be an offense occurring on October 7, 1998, because of the conviction on January 6, 1999; and (3) the July 11, 2001 violation was found to be an offense occurring on July 11, 2001, because of the conviction on September 26, 2001. Finally, the moment Sola was found guilty of the June 14, 2001 DWI on September 11, 2002, the June 14 violation was deemed an offense on the date it occurred. This June 14, 2001 violation became Sola's fourth offense for DWI that had occurred within five years of the first offense.

We view this analysis as consistent with the intent of the General Assembly. Our interpretation also avoids the potential for manipulation of dates by either party. In *Rogers*, we said:

> The General Assembly surely did not intend to allow a defense attorney to reduce an enhanced penalty for [fourth] offense [DWI] to a [third] offense merely by obtaining continuances so that the last conviction would fall outside the [five] year period. Similarly, it surely did not intend that delay due to court congestion might reduce the degree and penalty.

293 Ark. at 416, 738 S.W.2d at 413. These comments in *Rogers* refer to the potential for manipulation by a defendant for purposes of counting the number of DWI offenses. In the case before us, trial of the charged offense did not occur before the July 11, 2001 offense. Thus, when Sola was convicted of the July 11, 2001 offense on September 26, 2001, his conviction was for DWI, third offense. To convict him similarly of DWI, third offense, for the June 14, 2001 violation on September 11, 2002, flies in the face of reason and thwarts the plain language of § 5-65-111(b)(3).

We are aware that Arkansas Model Criminal Jury Instruction 2d 9201.4 refers to "prior convictions for driving while intoxicated within five years immediately prior to the commission of this offense." Our criminal jury instructions, how-

ever, do not trump the plain language of our criminal statutes. In *McCoy v. State*, 348 Ark. 239, 240, 74 S.W.3d 599, 600 (2000), this court said:

> [T]his court has consistently recognized that a trial court is *required* to give a model instruction unless it finds that the instruction does not accurately state the law. . . . Thus, our holdings have created a presumption that the model instruction is a correct statement of the law. As such, any party who wishes to challenge the accuracy of a model instruction, be it the State or a defendant, must rebut the presumption of correctness. (Emphasis in the original.)

■ There, of course, was no jury trial in the instant case. Nevertheless, our model criminal jury instruction is not controlling or decisive in guiding our interpretation of § 5-65-111(b)(3), as Sola would have it. The language in the model jury instruction directly conflicts with the language of the statute and its plain meaning and, as a result, must yield to the plain meaning of the statute.

There is another point that bears mention, and that is the issue of whether earlier DWI offenses are elements of a multiple DWI charge, such as DWI, fourth offense. If so, Sola claims, this court must focus on the date of the offense (June 14, 2001) to determine whether these other DWI offenses constitute bona fide elements for that charge. We disagree.

■ Sola is correct that this court has held that prior DWI convictions are elements of the crime of DWI, fourth offense. *See Payne v. State*, 327 Ark. 25, 937 S.W.2d 160 (1997). However, this court has made it clear that proof of earlier offenses is not appropriate until the sentencing phase of a DWI trial. We said in *Peters v. State*, 286 Ark. 421, 425, 692 S.W.2d 243, 245-46 (1985): "[W]e agree the trial should be bifurcated. The jury must first hear evidence of guilt or innocence. If the defendant is found guilty of the instance of DWI alleged, the jury will then hear evidence of previous convictions." We added in a subsequent case:

> The prosecution must prove a prior conviction for DWI as an element of the offense of DWI, Second Offense. The prior DWI conviction must be given the status of an element of a subsequent DWI offense because eventually, upon the fourth DWI conviction, the crime charged will change from a misdemeanor to a felony. As

stated in *Peters*, the proof of the prior DWI conviction or convictions must come in the punishment phase of a bifurcated trial to protect a defendant from possible prejudice during the guilt phase.

*Hagar v. City of Fort Smith*, 317 Ark. 209, 212-13, 877 S.W.2d 908, 909 (1994).

▇▇ Under *Peters* and *Hagar*, the State need not prove a defendant's three other DWI offenses to determine his guilt. Indeed, to do so would be prejudicial to the defendant during the guilt phase of the trial. It is not until the sentencing phase of the trial that the State need show the earlier offenses for purposes of sentencing under § 5-65-111(b)(3) for multiple offenses. Accordingly, the critical point for counting DWI offenses is at the sentencing phase of the DWI case, not the date that the crime was committed. Here, that sentencing date was on September 11, 2002. It was at this time when the circuit should have determined whether the June 14, 2001 offense was the fourth offense to occur within five years of the first offense.

▇▇ There is one final point. Sola adduces *Colburn v. State*, 352 Ark. 127, 98 S.W.3d 808 (2003), for the proposition that courts must count prior offenses from the date the offense at issue was committed. In *Colburn*, the crime was a battering offense and enhancement for sentencing was governed by a different statute than § 5-65-111(b)(3). The battering enhancement statute specifically refers to a "prior offense" of battering for purposes of enhancement. *See* Ark. Code Ann. § 5-26-305(b)(2) (Supp. 2003); *Colburn*, 352 Ark. at 130, 98 S.W.3d at 811. There, we looked to the date of the offense in counting prior battering offenses. To emphasize, once more, the DWI statute does not use the language of "prior offenses" as the battering statute does. Rather, § 5-65-111(b)(3) plainly contemplates determining total DWI offenses within five years of the first offense.

Sola argues lack of deterrence of future DWIs, if we embrace the State's interpretation. We give this argument little credence in light of the plain meaning of § 5-65-111(b)(3). We reverse the judgment of the court and remand for further proceedings.

Reversed and remanded.

THORNTON, J., not participating.