The Honorable Robbie Wills State Representative Post Office Box 306 Conway, AR 72033-0306
Dear Representative Wills:
I am writing in response to your request for an opinion concerning A.C.A. § 6-17-210 (Supp. 2005), which provides as follows:
 An employee shall be entitled to and shall be offered the opportunity to have a witness or representative of the employee's choice present during any disciplinary or grievance matter with any administrator.
You have asked, specifically:
 How does the law define witness and representative? In what capacity does the witness or representative serve? i.e., silent observer, advocate, etc.
 RESPONSE
The Arkansas Code does not provide a controlling definition of the term "witness" or "representative" as used in A.C.A. § 6-17-210, and I lack the authority to formulate a controlling definition. Based on general rules of interpretation, however, I conclude that the right to "have a witness or representative . . . present" pursuant to A.C.A. § 6-17-210 during a disciplinary matter applies when an administrator decides to confer with the employee, and means the right to have someone there either as an observer or as an agent who can speak or act for the employee. I am unable for the reasons explained below to offer a definitive opinion regarding the capacity of a "witness" or "representative," as contemplated by A.C.A. § 6-17-210, in the context of a grievance matter. Legislative clarification regarding this issue is warranted.
Your questions raise an issue of statutory interpretation. The standard of review for statutory interpretation has been made clear by the Arkansas Supreme Court:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, 30, ___ S.W.3d ___ (June 23, 2005).
Guided by these principles, I note that on its face, A.C.A. § 6-17-210
appears to simply authorize the presence of either a "witness" or a "representative" during a disciplinary or grievance matter involving a school employee.[1] It might be contended that one need look no further than this language to determine that the statute does not contemplate participation or advocacy by the person who is chosen to serve in one of these roles. On the other hand, because the terms "witness" and "representative" alone connote advocacy to some extent, the language is probably inherently ambiguous. The term "representative" is generally defined as: "1. a person or thing that represents another or others. 2. an agent or deputy: a legal representative." Random HouseWebster's Unabridged Dictionary 1635 (2d ed. 2001) (emphasis added, reflecting actual modern usage). See also Black's Law Dictionary 1328 (8th ed. 1999) (defining "representative" as ". . . [o]ne who stands for or acts on behalf of another. . . .") As defined by Random House,supra, at 2183, the noun "witness" is most frequently used to mean "an individual who, being present, personally sees or perceives a thing; a beholder, spectator, or eyewitness." However, it can also mean "a person or thing that affords evidence . . . a person who gives testimony, as in a court of law. Id. See also Black's, supra, at 1633 (defining "witness" as: "1. One who sees, knows, or vouches for something. . . .2. One who gives testimony under oath or affirmation. . . .") These variable definitions of "witness" invite further analysis of the role of a "representative" under section 6-17-210.
In my opinion, it is necessary and appropriate in light of these uncertainties to resort to other indicators of legislative intent, such as the statute's subject matter and its object and purpose.Macsteel, supra. Other related rules of statutory construction provide that: 1) in construing any statute, courts will place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole, State v. Sola, 354 Ark. 76,118 S.W.3d 95 (2003); 2) statutes relating to the same subject are in "pari materia" and should be read in a harmonious manner, if possible,Monday v. Canal Insurance Company, 348 Ark. 435, 73 S.W.3d 594 (2002); and 3) new legislation must be construed with reference to existing legislation on the same subject, Newton County Republican CentralCommittee v. Clark, 228 Ark. 965, 311 S.W.2d 774 (1958); see alsoOtis v. State, 355 Ark. 590, 614, 142 S.W.3d 615 (2004) (observing that "in construing a statute, [the Arkansas Supreme Court] will assume that the General Assembly, in enacting it, possessed the full knowledge of prior legislation on the same subject. . . .", citing Bunch v.State, 344 Ark. 730, 43 S.W.3d 132 (2001)).
In this regard, it must be noted that A.C.A. § 6-17-210 applies "during any disciplinary or grievance matter with anyadministrator." (Emphasis added). A "grievance matter" is presumably a matter covered by the school's written grievance policy pursuant to A.C.A. § 6-17-208 (Supp. 2005), as discussed further below. The term "disciplinary matter" is undefined. However, I believe reference may reasonably be had to The Teacher Fair Dismissal Act, A.C.A. §§ 6-17-1501
— 1510 (Repl. 1999 and Supp. 2005), and the Public School Employee Fair Hearing Act, A.C.A. §§ 6-17-1701 — 1705 (Repl. 1999), to decipher its meaning. See generally Bush v. State, 338 Ark. 772, 776, 2 S.W.3d 761
(1999) ("It is axiomatic that the meaning of certain words or phrases cannot be determined in isolation, but must be drawn from the context in which they are used").
Pursuant to the Teacher Fair Dismissal Act, a teacher may be terminated, non-renewed, or suspended only upon recommendation of the superintendent. A.C.A. § 6-17-1506(b)(1) (Repl. 1999). Notice of the superintendent's recommendation must be provided to the teacher, although a teacher may be immediately suspended by the superintendent without notice. Id.; A.C.A. §§ 6-17-1507 (Supp. 2005) and — 1508 (Repl. 1999). Similar procedures apply under the Public School Employee Fair Hearing Act, which applies to those employed under written contract who are not required to have a teaching certificate (so-called "non-certified" employees). A.C.A. §§ 6-17-1702 — 1704 (Repl. 1999). The phrase "disciplinary . . . matter with any administrator" under section6-17-210 in my opinion plainly encompasses the administrative disciplinary measures addressed by these acts, along with other unspecified measures that might be taken by an administrator in the disciplining of teachers and other contracted employees.
In determining the legislature's intent in authorizing the presence of a "witness or representative" in this context, it may be helpful to note that there currently is a right of representation at school board hearings on disciplinary matters. A teacher who is suspended or recommended for termination or non-renewal has the right to request a hearing before the school board, see A.C.A. §§ 6-17-1508 and — 1509 (Supp. 2005); and "the teacher and the board may be represented by representatives of their choosing" at such hearing. Id. at — 1509(c)(3). The Public School Employee Fair Hearing Act similarly provides for school board hearings in situations involving a non-certified employee's termination or non-renewal (see A.C.A. § 6-17-1703 and Releford v. PineBluff Sch. Dist. No. 3, 355 Ark. 503, 140 S.W.3d 483 (2004)); and the act similarly states that at such hearings, "[t]he employee may be represented by persons of his or her own choosing." A.C.A. §6-17-1703(b). Additionally, it seems well-established that due process affords the right to present and cross-examine witnesses at school board hearings held on disciplinary matters. See Casada v. Booneville SchoolDistrict No. 65, 686 F.Supp. 730 (W.D. Ark. 1988).
The question may thus arise whether by giving teachers and non-certified employees the opportunity to have a "witness or representative" present during a disciplinary matter with an administrator, the legislature intended to establish rights equivalent to those in the school board hearing setting. If so, this would in effect mean that there is a right to a de facto hearing with the administrator, at which witnesses might be questioned by either the employee or the employee's chosen representative. While some support for this interpretation might be found in the terms "witness" and "representative," the right to an adversarial hearing of this nature at the administrative level would be a significant departure from current law. According to my review, teachers and non-certified employees currently have no affirmative right to be heard in disciplinary matters with an administrator. A superintendent is not required by statute to meet with a teacher or a non-certified school employee prior to recommending suspension, termination, non-renewal, or in connection with any other disciplinary action that might be taken at the administrative level.[2]
When A.C.A. § 6-17-210 is placed in context, therefore, it seems more likely that instead of instituting a de facto hearing at the administrative level, the statute applies only in the event the administrator chooses to confer with the employee in a disciplinary matter. In my opinion, the right "to have a witness or representative . . . present" in the event such a conference is held is reasonably construed to mean the right to have someone else there either as an observer (interpreting "witness" to mean spectator, rather than one who testifies) or as an agent who can speak or act for the employee, perhaps in anticipation of further proceedings. I note that this interpretation finds additional support in the word "or," which in its ordinary sense signifies an alternative, as in "either this or that." See McCoy v.Walker, 317 Ark. 86, 90, 876 S.W.2d 252 (1994). A witness and a representative would serve the same purpose of witnessing the interchange with the administrator. The statute thus understandably authorizes the presence of one or the other, but not both.
The issue may be less clear regarding the right to have a "witness or representative" present during a "grievance matter" with an administrator. I note that the opportunity to have a "representative" present in this context appears to echo a provision in an earlier statute governing school grievance policies. In accordance with A.C.A. § 6-17-208, enacted under Act 558 of 1991, each school district must have a "written grievance procedure" for resolving employee grievances "at the lowest possible administrative level. . . ."[3] A.C.A. §6-17-208(a)(1)(A) (Supp. 2005). An employee has the right to "resolv[e] the matter informally with [his or her] immediate supervisor."Id. at (b)(1)(A). The employee may then appeal to the superintendent, or his or her designee, and to the school board. Id. at (b)(1)(A) — (C), and (b)(2). Particularly significant for purposes of interpreting A.C.A. § 6-17-210, the procedure must include:
 The right of a party to be represented by a person of his or her own choosing, but not by a member of a party's immediate family, at any level of the procedure.
A.C.A. § 6-17-208(b)(1)(D) (Supp. 2005) (emphasis added).
I note, additionally, that an employee has the right under this grievance statute to "present and question witnesses" at a hearing before the school board on a grievance matter, as follows:
 (A) The determination by the principal, superintendent, or their designees that the concern expressed by the employee is not a grievance may be appealed to the school board for a final decision.
 (B) At the hearing, the employee shall have an adequate opportunity to present the grievance but no less than ninety (90) minutes, and both parties shall have the opportunity to present and question witnesses.
A.C.A. § 6-17-208(b)(2) (Supp. 2005) (emphasis added).
The legislature is presumed to have been aware of these provisions when it enacted A.C.A. § 6-17-210. See generally Newton CountyRepublican Central Committee, supra (construing new legislation with reference to existing legislation on the same subject). Because employees were already entitled to have a representative present during a grievance matter with an administrator by virtue of the right to be represented "at any level of the procedure" pursuant to A.C.A. §6-17-208(b)(1)(D), supra, A.C.A. § 6-17-210 seemingly affords some new or different right(s) in grievance matters by authorizing the presence of a "witness" at the administrative level. One possibility is that employees now have an additional right, when presenting grievances, to elicit information from someone else to bolster their position. In my opinion, however, the issue is far from clear. It might be countered that had the legislature intended to establish a right to "present and question witnesses" at the administrative level of a grievance matter, it could easily have done so, as it did in the school board hearing setting with the express language of A.C.A. § 6-17-208(b)(2)(B),supra. The difference in statutory language between the two statutes in this respect is apparent. Additionally, the authority to have a witness present as an alternative to a representative (reading the word "or" in its ordinary sense) is ambiguous. If the employee chooses to have a representative there, can that person present and question witnesses before the administrator?[4] Again, this is unclear, considering A.C.A. § 6-17-208's express authorization of testimony at board hearings.
I am unable to resolve these ambiguities. I have considered the possibility that A.C.A. § 6-17-210 was primarily intended to establish the previously unrecognized right to have someone else — either a witness, i.e., spectator, or a representative — present in thedisciplinary setting. The fact remains, however, that the statute includes what appears to be the new alternative of having a "witness" present during a grievance matter with an administrator. A "witness" and a "representative" both serve the purpose, as noted above, of witnessing the interchange. But these terms are not synonymous. And in light of the uncertainties noted above, I cannot definitively discern their meaning.
In conclusion, therefore, I interpret the term "witness" as used in A.C.A. § 6-17-210 with respect to a disciplinary matter to mean an observer. I interpret the term "representative" in this context to mean an agent who can speak or act for the employee. In my opinion, however, the statutory right to have a "witness or representative" present during a disciplinary matter only applies if the administrator decides to confer with the employee in the matter. I cannot resolve the ambiguities surrounding A.C.A. § 6-17-210's use of these terms in the grievance setting. Legislative clarification appears warranted in that regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The statute first applied to teachers. See Acts 2003, No. 869. A 2005 amendment substituted the term "employee" for "teacher."See Acts 2005, No. 1017. An "employee" is defined under A.C.A. §6-17-208(a)(2)(B) (Supp. 2005), pertaining to grievance procedures, as "a person employed by a school district under written contract." I believe this is the relevant definition for purposes of A.C.A. §6-17-210.
[2] I am referring here to some matter other than a "grievance," under the assumption that the reference in section 6-17-210 to "any disciplinary or grievance matter" (emphasis added) signals distinct employment-related matters.
[3] A "grievance" is "any concern related to personnel policy, salary, federal or state laws and regulations, or terms or conditions of employment raised by [a school employee under written contract]." A.C.A. § 6-17-208(a)(2)(A) (defining "grievance") and (a)(2)(B) (defining "employee") (Supp. 2005).
[4] An additional question involves A.C.A. § 6-17-208's proscription against one's representation by an immediate family member (a party to be represented by "a person of his or her own choosing, but not by a member of a party's immediate family." Id. at (b)(1)(D),supra). I note that the more recently enacted A.C.A. § 6-17-210 does not contain this proscription. An issue may therefore arise as to a possible conflict between the new law allowing the presence of a "witness or representative" and the old law limiting the choice of representatives to those outside the employee's immediate family. Because amendments by implication are not favored in construing statutes (see generallyCummings v. Washington County Election Com'n, 291 Ark. 354,724 S.W.2d 486 (1987)), the proscription in my opinion likely still stands. Legislative clarification is probably warranted, however.